## HUGHES v ROBERTS

Ohio Appeals, 2nd Dist, Franklin Co

No 2484. Decided Dec 20, 1934

B. F. Hughes, Columbus, for plaintiff in error.

L. P. Henderson, Columbus, for defendant in error.

**OPINION**

By HORNBECK, PJ.

The bill of exceptions in this case in all probability does not conform to the statute as to the time of filing in this court, although we have heretofore overruled a motion to dismiss the proceedings in error because no bill of exceptions was filed. However, we do not feel called upon, in view of the conclusion to which we have come, to strike the bill from the record on our own motion. When the former motion was presented the bill was not before us. It appears off the record that the bill was transmitted to the trial judge within time and he, being away on vacation, was not signed for months thereafter. However, the bill proper does not show these facts which could have been set forth under the statute.

Coming to the principal question in the case, namely, whether or not the court committed any error prejudicial to the rights of the defendant. The motion for new trial set up a surprise in that Mr. Pengelly, the handwriting expert, had testified contrary to his statement to trial counsel a short time prior to taking the witness stand. There can be no doubt that counsel was surprised, but this claim of surprise should have been urged immediately after Mr. Pengelly left the stand or before plaintiff rested. It was not soon enough on a motion for new trial to urge the claim of surprise which should have been supported by affidavit because the court could have, had the question been presented during the trial, permitted a continuance so that plaintiff could have secured other testimony. It was within the discretion of the trial court whether or not the motion for new trial should have been sustained.

Upon the record as made at the time the trial judge passed upon the merits of the case. He was clearly within his rights. The question was for determination by the judge without the intervention of a jury. He weighed the testimony and determined the credibility of the witnesses. The lay witnesses in the main had supported the theory that the signature was not genuine. However, there was considerable variance in their testimony. At least one and probably more stated that the signatures on exhibits which were admitted to be genuine were not genuine. So that upon the testimony of these lay witnesses alone, the court might not have been satisfied, but when Mr. Pengelly, who is recognized as handwriting expert testified unequivocally that the signature was genuine there clearly arose a controversy of fact, which the court had a right to resolve in favor of defendant. Some objection is made to the fact that the court considered the signature itself in making its determination. This clearly was proper. Upon the whole record, we are satisfied that the court reached the only conclusion that could be supported upon the evidence in this case. The judgment will therefore be affirmed.

KUNKLE and BARNES, JJ, concur.

**ON APPLICATION FOR REHEARING**

Decided Jan 11, 1935

By THE COURT

Submitted on application of plaintiff in error for rehearing upon two grounds: (1) That plaintiff had by statute three days in

which to file a motion for a new trial. (2) That the testimony of the expert who had 'impeached himself should not have been given the same weight as the testimony of the other four of plaintiff's witnesses. Oral argument is requested.

Under our rules, unless there is some substantial reason therefor, we cannot permit oral arguments on presentation of application for rehearing.

We do not understand the first ground of application for rehearing. The error is prosecuted by plaintiff below on the theory of a valid judgment and if his rights to a motion for a new trial were not observed objection should have been taken to such denial at the time.

We fully discussed the second ground of the application in passing upon the error proceedings originally. The expert was not impeached upon the record because it does not appear from his testimony nor from any other evidence that he had at any time expressed an opinion counter to that given by him upon the witness stand.

In any event, the court had full right to weigh all of the evidence and to resolve it against the plaintiff, which was done.

We cannot find any prejudicial error in the action taken. The application for rehearing will be overruled.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.