**BOWYTZ v TAX COMMISSION et**

Ohio Appeals, 7th Dist, Jefferson Co

Decided June 13, 1938

Ralph B. Cohen, Steubenville, and D. M. Spriggs, Steubenville, for plaintiff-appellant.

Herbert S. Duffy, Attorney General, Columbus, and R. M. Winegardner, Asst. Attorney General, Columbus, for Tax Commission.

Hugo Alexander, Prosecuting Attorney, Steubenville, for Harold K. Robinson, Auditor.

## OPINION

By BENNETT, J.

The record in this case is very sketchy, to say the least. The case was heard upon an agreed statement of facts in the Common Pleas Court but the agreed statement, as it appears in the bill of exceptions, is not very illuminating.

We assume, however, that it is admitted

in argument or sufficiently shown in the record that Fannie Bowytz was engaged in business in Toronto, Ohio, under the trade name of The Victory Market; that as a vendor of merchandise in that market, she made sales prior to November 11, 1936 of "food for human consumption off the premises" upon which sales taxes totaling $1,086.71 should have been paid by the purchasers and collected by the appellant; and that either the taxes were not collected by her or, if collected, tax stamps in an equal amount were not cancelled by her. In any event, she was given a hearing before the Tax Commission and did not see fit to contest any element of amount but denied liability solely on the ground that the adoption on November 3, 1936 of Article XII, §12 of the Ohio Constitution had wiped out any right to collect this amount, whether theretofore owed or not.

The Tax Commission on March 18, 1937 made an order affirming a finding against her of "$1085.71 plus a penalty of $162.86".

This order was appealed to the Common Pleas Court and the case was submitted on the statement that the total amount assessed against the appellant was due unless the amendment to the Constitution made it uncollectible.

The Common Pleas Court entered judgment against the appellant for the total amount of $1,248.57 and the case is appealed to this court on questions of law.

The constitutional provision in question, Article XII, §12, reads as follows:

"On and after November 11, 1936, no excise tax shall be levied or collected upon the sale or purchase of food for human consumption off the premises where sold."

The plaintiff-appellant cites a series of cases headed by United States v Chambers, 291 U. S. 217 and Flanigan v Sierra County, 196 U. S. 553, in support of the contention that the constitutional amendment rendered the sales tax law inoperative after November 11, 1936, as to "sales of food for human consumption off the premises where sold" and that consequently no taxes upon such sales could be collected after that date, even though the sales had been made before that date and the tax had been lawfully levied and was due and owing before that date.

Counsel calls attention to the fact that there is no saving clause which specifically states that the amendment does not apply to taxes already due on prior sales and also to the fact that the prohibition of the amendment is against levy or collection after November 11, 1936 of taxes on such sales of food. They argue that even though it be granted that the amendment ought to have a prospective operation only, the present proceeding to collect is a proceeding after the effective date of the prohibition and that, in the nature of things, the appellees must fail in any action which looks to a "collection" after November 11, 1936.

We believe that counsel for the appellant over-estimate, in one respect at least, with the application to the case at bar of the authorities which they cite. Cases of outright repeal "in terms" are much clearer than are cases of repeal by implication, with respect to situations like those in the instant case. For instance, it would seem easy to agree with the decision in the Supreme Court of the United States in the case of United States v Chambers, supra. The 21st Amendment to the United States Constitution repealed the 18th Amendment in terms, as of the date of the adoption of the 21st Amendment the 18th Amendment ceased to exist and all statutes and prosecutions for violation of prohibition laws which depended on the existence of the 18th Amendment for life and validity, simply collapsed. And in the Flanigan case the court decided that an enabling statute had been amended so as to have eliminated the authority for the existence of the taxing ordinance under which a disputed tax was levied. The ordinance was held to have ceased to function upon the repeal of the act which was authority for its existence.

But cases of repeal "by implication" are all cases in which the extent of the repeal and the effect on the prior legislation depend on the language of the Constitutional amendment or statute from which the implication arises.

In the case at bar it seems to us that we cannot answer the question simply by saying in the abstract that the constitutional amendment repealed the statute taxing foods and that all enforcing machinery fell with it.

Except within the limits of the prohibitions of the amendment the state Legislature still had complete general authority to levy this tax and to establish machinery for collecting it. For instance, it seems clear to us that in the period between November 3, 1936, the date of the adoption of the amendment, and November 11, 1936, the date from which the amendment makes the prohibition effective, taxes could and should

have been both levied and collected on such sales of food. This illustrates two things; first, that the amendment was not one establishing any abstract public policy making such taxes immoral, and second, that we are not to rely on any abstraction that the statute was repealed by the adoption of the amendment but must look to language of the amendment itself to see just what it means and what it prohibits

In our opinion the judgment of the Common Pleas Court should be affirmed on two grounds, although we confess that we are not without some doubt on each of the grounds.

In the first place, we believe that the amendment should be construed as prohibiting the collection of taxes as such and that, as held by the court below, the obligation which is being here enforced is not a tax but is a liability placed upon a collector by statute for failure either to collect the tax from the consumer taxpayer or to account to the state for the tax after collection by cancelling the proper amount of tax stamps. It seems clear to us that, if in fact the appellant had collected these taxes from the purchasers and had kept the money and had not accounted to the state for it, her obligation so to account and pay would not be affected by the amendment. It is less clear, but we nevertheless believe correct, that, if the liability being enforced in this proceeding against the vendor was a liability for failure to collect the tax at the time of making the sale, this liability was not a "tax liability" but a liability for a breach of duty as a collecting agent. The statute provides (§§5546-10 and 14 GC) that it is unlawful to engage in the business of making retail sales in Ohio without a license therefor, that each licensed vendor must at all times have on hand prepaid tax receipts sufficient for the requirements of his business (§5546-9, GC), which he buys from the state and pays for, that the licensed vendor must collect the proper tax from the purchaser on each taxable sale which he makes (§5546-3, GC), and he shall then cancel by tearing tax stamps in the amount of the tax (§5546-3, GC) and that, as compensation for his services in making such tax collection, the licensed vendor receives a commission of 3% of the amounts collected. The act specifically provides that the tax is to be paid by the purchaser (§5546-3 GC), and that it is a misdemeanor for the vendor to pay the tax himself (§5546-

15 GC) or otherwise to absorb or rebate the tax. It also makes provisions as to credit sales not necessary to discuss.

Sec 5546-9 (a), GC, provides:

"In case any vendor fails to collect the tax herein imposed, or having collected the tax fails to cancel the prepaid tax receipts in the manner prescribed by this act and by the regulations of the commission he shall be personally liable for such amount as he failed to collect, or for the amount of prepaid tax receipts which he failed to cancel."

The court below held that enforcement of this "liability" against the unfaithful tax collector was not the "collection of a tax" within the prohibition of the constitutional amendment in question but was simply the enforcement of a statutory liability of another sort. Appellant's counsel says that this is simply playing with words and that the substance of the proceeding is to collect the tax from the vendor instead of from the purchaser. It is true that §5546-9 (a) GC, deals both with liabilities of the vendor and of the consumer to pay this amount and with the procedure whereby to enforce the liability. It is true that the language used as to the liability of each is almost identical. The proceeding concludes with an "assessment" against the vendor, just as with an "assessment" against the consumer. We believe, nevertheless, that the liability is different; that the liability of the consumer is that of a taxpayer to pay a tax and the liability of the vendor is that of the responsibility of an unfaithful fiduciary. While assessment is a word commonly used in connection with taxation, it is not limited to such field and is used in connection with many other types of liabilities.

We do not believe that this is a mere play on words but that the trial court was justified in making the distinction and in holding that the amend- ment forbidding "collection of such taxes" after November 11, 1936, should not be construed as forbidding the enforcement of a statutory liability against a tax collector personally who either failed in her duty to have made a collection or who made the collection and put the money in her own pocket, by failing to cancel the stamps and thereby retaining the stamps for later use or refund.

On this ground of the decision we are not without authority. In the case of **Fox v Frank, Treasurer, 52 Oh Ap 483, 6 O.O. 454,** the Court of Appeals of Summit County held that under the provisions of the Sales Tax Law, the vendor was not a taxpayer, that he was a collector, that the state could constitutionally force this role upon him .(Pierce Oil Corporation v Hopkins, 264 U. S. 137; 44 S. Ct. 251), and that, being only a collector, he had no standing in court to enjoin the collection of the sales tax to be paid by the consumer on the ground that it was an unlawful tax.

In the second place, although again with considerable doubt, we have concluded that even if this is the collection of a tax as such the amendment should be construed not to apply to the collection of taxes which were levied prior to November 11, 1936. §2 of the Sales Tax Act provides:

"An excise tax is hereby levied on each retail sale made in this state of tangible personal property."

The "levy" of this tax therefore occurred automatically upon each sale when made, after the effective date of the Act. Appellant's counsel argue with a great deal of force that we must find the meaning of the amendment from the language used and that, since the words are "On and after November 11, 1936, no excise tax shall be levied or collected upon the sale of food * * *," the intent must necessarily have been to prohibit collections after the given date whether the tax was levied, owing and payable before that date, or not. They say that the disjunctive phrase "or collected" must be given some meaning, that if it is held to apply only to taxes levied after November 11, 1936, the phrase adds nothing to what has already been said. because the use of the preceding word "levied" has already prevented there being any such tax to collect.

On the other hand, it is a familiar rule of constitutional interpretation that constitutions, like statutes, are to be considered prospective, and not retroactive, in their operation, unless a contrary intention clearly appears. **8 Ohio Juris., Constitutional Law, §70.**

"Constitutions as well as statutes are construed to operate prospectively only, unless, on the face of the instrument or enactment the contrary intention is manifest beyond reasonable question." **Buckeye**

**Churn Company v Abbott, 115 Oh St 152.**
"Ordinarily repeal of a tax statute does not operate to remit taxes accrued under the repeal act * * *."

61 Corpus Juris, Taxation, §122, with cases cited in Note 28. Also §1292, Note 55.

We concede, of course, that there is some authority to the contrary, but the above cases are instances, even in cases of repeal, where the accrued tax obligations are enforced and collected.

The purpose of construing anything is of course to arrive at the intent of the language used. To construe the constitutional amendment in question as the appellant wishes it construed, would be to permit those who unlawfully refused to make payments when due, escape an exaction which others similarly situated had paid.

"A statute which confers special benefits upon delinquent taxpayers not equally available to non-delinquent taxpayers, violates §2 of Article 1 of the Constitution and is therefore void and of no effect."
"If the result of the operations of the law is such that some persons are obliged to pay taxes on a certain kind of property for certain years while other persons owning the same kind of property during the same years are released from such obligations, it cannot in good conscience be said that such measure conforms to the equal protection clause of the Constitution. We may also safely assume that §2 of Article 1 requires not only the substance of a tax law in respect to the same kind of property be uniform but also the manner in which the assessments of taxes and the collection thereof are made. * * *." **State v Hunt, 132 Oh St 568, 8 O.O. 558.**

Article 1 of our Ohio Constitution is so-called Bill of Rights which lays down certain abstract basic principles upon which our Ohio government is founded. There is no reason why the people of the state could not repeal or vary any part or all of the Bill of Rights. We believe, however, that only the clearest language should do it by implication. We believe that §12 of Article XII, the Amendment here litigated should be construed to accord with the principle embodied in §2 of Article 1, if reasonably possible, and that the construction asked by the appellant for this amendment, to paraphrase the above quotation from State v Hunt, "can not in good con-

science be said" to "conform to the equal protection clause of the Constitution."

We accordingly believe that the amendment should be construed to have a prospective operation only and ▮▮▮▮▮ ▮ and not to apply to obligations for taxes levied and due and payable prior to November 11, 1936. We do not believe that this does great violence to the use of the phrase "or collect."The only thing to which such a construction does violence is the idea that we are compelled to give to the phrase "or collect" a meaning which would add something to the sentence beyond what it would mean if the phrase were left out. But that necessarily overstates any existing rule of construction . We find toutology in statutes, in constitutions and in opinions of courts. And we believe that the inclusion of the phrase "or collected" should be construed as a needless toutological repetition for sake of· emphasis rather than as a deliberately retroactive provision that those who had unlawfully refused to pay taxes due prior to November 11, 1936 should receive a preference over those who had lawfully paid them.

Judgment affirmed.

NICHOLS, PJ, and CARTER, J, concur.