**FOERSTER, Plaintiff-Appellee v. FOERSTER, d. b. a.
FOERSTER'S RESTAURANT, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3662.   Decided October 21, 1943.

Schwartz & Gurevitz, Columbus, for plaintiff-appellee.
   Chalmers M. Parker, Columbus, and Noel L. Greenlee,
Columbus, for defendant-appellant.

## OPINION

BY THE COURT:

The above-entitled cause is now being determined on plaintiff-appellee's motion to dismiss appellant's appeal for the reason of failure to file assignments of error and briefs within the time limit prescribed by Rule VII.

An examination of the file discloses that notice of appeal was filed on June 17th and further, that appellant is in default for assignment of error and brief.

Where a brief is filed, we generally overrule motion to dismiss for failure to file assignments of error. For some seven years we have adhered very strictly to the rule that appeal be dismissed where brief is not filed within time unless for good cause shown.

In the instant case there has been no application for extension of time, nor has any memorandum been filed in answer to motion to dismiss.

The motion to dismiss the appeal will be sustained at appellant's cost.

Entry may be drawn accordingly.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.

## ON APPLICATION FOR REHEARING

Decided November 16, 1943.

BY THE COURT:

The above-entitled cause is now being determined on defendant-appellant's motion for rehearing from this Court's order dismissing defendant's appeal for the reason that brief had not been filed within the time prescribed under the rules of Court. The stated grounds of the application for rehearing are that a motion was pending in the Common Pleas Court to correct the records in the Clerk's office of that Court so as to make it appear that the judgment in the cause was entered May 24, 1943, instead of May 29, 1943.

It is further stated that if the trial court sustains the motion to correct the records the appeal would not be upon time and no further appeal could be filed as to said judgment. Appellant says that he did not wish to incur the time and expense of preparing and filing brief while said motion was pending undetermined. The difficulty with defendant-appellant's position is that he has been derelict in taking the necessary steps to accomplish what he now desires. What defendant-appellant should have done in the first instance was

to file with this Court an application for extension of time for filing brief, setting out as a ground therefor the factual situation which he now presents for the first time. The probability is that counsel for the appellee would have signed an agreed entry granting such an extension.

The second dereliction was that after the filing of the motion to dismiss the appeal for the reason that brief had not been filed within the time prescribed under our rules, and after the notice that such application had been filed, appellant again ignored the application and made no attempt to advise this Court that it had any reason for not filing upon time.

We held the motion until the expiration of the time for filing an answer memoranda and none being presented, we proceeded to dismiss the appeal on the uncontradicted ground that brief had not been filed within the time prescribed under our rules and no good and sufficient reason being given why the motion to dismiss should not be sustained.

It now comes too late to ask the Court to consider what is claimed to be good grounds for not filing brief within the time prescribed under the rules.

The application for rehearing will be denied.

Schwartz & Gurevitz, Columbus, for plaintiff-appellee.

Noel L. Greenlee, Columbus, and David H. Thomas, Columbus, for defendant-appellant.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.

## ON MOTION TO AMEND NOTICE OF APPEAL

Decided November 18, 1943.

BY THE COURT:

On October 26th last and simultaneously with motion for rehearing appellant filed a second motion requesting that the Court permit appellant to amend his notice of appeal and then set a time within which bill of exceptions and briefs might be filed. Apparently the basis for this request is upon the well-recognized theory of law that where appellant improperly gives notice of appeal on question of law and fact, that the reviewing court will not dismiss, but will hold and determine the appeal as one at law.

The difficulty encountered in this argument is that in the instant case the appellant did not give notice of appeal on question of law and fact.

100

The appeal was general in its character and did not note whether it was on law or law and fact. Under such a situation we will assume that the proper form of appeal was intended and that would be an appeal on law. The action was one for money and could not under any theory be construed as an action in chancery. The form of bond given was strictly supersedeas and not an appeal bond. A careful examination of the file can lead to no other conclusion than that appellant intended to appeal on questions of law. The motion will be overruled.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.