**STATE, Plaintiff-Appellee, v. FISHWICK, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 7013.   Decided November 22, 1948.

Henry M. Bruestle, Robert J, Paul, Ralph E. Cors, Cincinnati, for State of Ohio.

Alton E. Purcell, Cincinnati, for Cincinnati Dental Ass'n.

Michael G. Heintz, Cincinnati, for defendant-appellant.

## OPINION

By HILDEBRANT, J.:

This is an appeal on questions of law from the judgment of the Common Pleas Court, affirming the conviction of the defendant in the Municipal Court of Cincinnati for practicing dentistry without a license.

**Sec. 1320 GC,** requires everyone who practices dentistry to obtain a license, and §1329 GC, sets out that any person shall be regarded as practicing dentistry within the meaning of the Act "who shall construct, supply, reproduce or repair any prosthetic denture, bridge, artificial restoration, appliance or other structure to be used or worn as a substitute for natural teeth, except upon the order or prescription of a licensed dentist * * * or who shall advertise, offer, sell or deliver any

such substitute or the services rendered in the construction, reproduction, supply or repair thereof to any person other than a licensed dentist, * * *"

The affidavit charges that defendant, not being a licensed dentist in the State of Ohio, and not having been furnished an order or prescription so to do by a licensed dentist in the State of Ohio, did unlawfully practice dentistry in the following manner, and then follows the charge in the language of the statute quoted above.

The defendant advertised in a local newspaper, as follows:

"FALSE TEETH
RELINED AND TIGHTENED

Low cost! Takes 20 minutes! Since 1939 A proven technique, guaranteed to make a loose plate fit TIGHT and COMFORTABLE, as good as NEW! PARTICULARLY GOOD for SORE, TENDER mouths DIFFICULT to fit. Thousands relined! Come in for demonstration! Experience this perfectly tight, comfortable, CLEAN cushion feel.

SATISFACTION

$4.00                    GUARANTEED                    $4.00

DENTAL PLATE RELINE LABORATORY

Room 1109                                    18 E. Fourth St."

Responsive to the advertisement a lady patient presented her denture to the defendant as being too loose, whereupon, the defendant roughened the gum surface thereof with sandpaper, applied a pinkish plaster material from a tube to the roughened surface, had the patient replace the denture in her mouth and bite down thereon easily to hold in place, and, after a short time, applied more of the plastic material to the denture and returned same to the patient, with instructions to bite down hard and not to eat for several hours, and that she could anticipate the coating applied would probably not harden completely until the next day.

At page 23 of the record the defendant admitted to the foregoing acts and stated the operation he had performed here was known as relining, occasioned by the teeth becoming loose and the purpose of the plastic on the gum to make the plate fit tightly.

The defense contends that what was done was not an offense as not being a "repair" within the meaning of the statute, and that the prosecution failed to prove the defendant was not included within the exceptions in the statute.

Since the denture became loose by reason of a shrinking of the jaw construction, rather than from any decay, break,

or disintegration of the denture itself, it is contended the operation performed by defendant is not a "repair". While in numerous cases on their facts the word repair has been judicially construed to apply to cases wherein could be shown conditions of decay, break, disintegration, disrepair, etc., it seems sufficient to the Court to include and connote the roughening and "relining" operation detailed here.

The affidavit charges that the defendant, not being licensed or included in the exceptions unlawfully practiced dentistry by doing the acts complained of, but there is no proof in the record as to defendant not being included within the exceptions. We hold that such proof was not necessary.

In **12 O. Jur., p. 300**, it is stated:

"Where the statute defining an offense does not make the exclusion of particular matters a part of the commission of the offense, it is not incumbent upon the state to make proof of the facts. Unless an exception or proviso is a part of the description of the offense, it need not be pleaded or proven by the state, but is a matter of defense."

In **Krusoczky v. State of Ohio, 108 Oh St, 430, at 434,** it is stated:

"Unless an exception or proviso is a part of the description of a criminal offense, it need not be pleaded or proved by the state, but is a matter of defense. **Hirn v. State, 1 Oh St, 15; Billigheimer v. State, 32 Oh St, 435; Hale v. State, 58 Oh St, 676, 51 N. E., 154;** and **Brinkman v. Drolesbaugh, 97 Oh St., 171, 119 N. E., 451, L. R. A., 1918 F, 1132.**"

The landmark case of **Hale v. State, 58 Oh St, 676,** was a prosecution for unlawful practice of medicine, wherein paragraph 4 of the syllabus states:

"Where an exception or proviso in a criminal statute is a part of the description of the offense, it must be negatived by averment in the indictment in order to fully state the offense; but when its effect is merely to except specified acts or persons from the operation of the general prohibitory words of the statute, the negative averment is unnecessary."

In conformity with the above citations, we find no error in the failure of the prosecution to offer proof as to the exceptions. Defendant's constitutional rights were protected in that he was adequately informed of the charge against him,

and it was open to him to show as a complete defense that he came within the exceptions.

The judgment is affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion and judgment.