**SMITH, Plaintiff, v. DICKINSON et, Defendant.**

Common Pleas Court, Franklin County.

No. 186780.   Decided April 16, 1953.

Edward F. Lynch, Columbus, for appellee.
Harry P. Nester, Columbus, for appellant.

### OPINION

By BARTLETT, J.

1. **MOTION FOR REHEARING AND REQUEST FOR ORAL ARGUMENT THEREON, BOTH OVERRULED.**

The motion for a rehearing on the court's order dismissing the appeal from the Municipal Court of Columbus, has been referred back to the undersigned as the judge who rendered he order of dismissal.

"The office of an application for rehearing is not to invoke again an expression from the Court upon matters which have been already carefully and completely considered, but to direct the attention of the Court to some questions or propositions of law or facts that have not been given attention."

**White v. Columbus (City) et al., 27 Abs 489, 496, 2nd Dist. Court of Appeals, Franklin County.**

"7. Oral argument will not be permitted on presentation of an application for a rehearing in the Court of Appeals under its rules, unless there is some substantial reason therefor."

**Hughes v. Roberts, 18 Abs 438, 439—same Court.**

Sec. 12223-21 GC, among other things provides as follows:

"* * * Failure to file such briefs and assignments of error within the time prescribed by the court rules shall be cause for dismissal of such appeal. * * *"

"There is no doubt that under the statute and the rule the Courts of Appeals have power to dismiss an appeal on questions of law for failure of the appellant to file his assignment of errors, * * * such courts have usually been quite liberal and have not dismissed such appeals for failure to have filed a separate assignment of errors provided the brief of appellant adequately discloses the errors of which complaint is made * * * Of course, in spite of the liberal practice with respect to the separate assignment of errors, where the appellant has failed, within the time allotted, to file both assignment of errors and brief, dismissal results."

**2 O. Jur. Sec. 488, Appellate Review, p. 872.**

"Where assignment of errors and briefs are not filed by appellant until 93 days after notice of appeal is filed, in violation of Rule VII of the Rules of Practice of the Courts of Appeals requiring the filing of assignment of errors and briefs within 50 days after notice of appeal, and where no sound excuse for the delay was given, or leave of court obtained, a motion for leave to extend time for filing will be overruled and a motion to dismiss will be sustained."

**Voight et al. v. The Southern Ohio Savings Bank & Trust Co., 70 Oh Ap 327.**

"A motion to dismiss an appeal will be granted for violation of Rule VII of the Court of Appeals in failing to file assignments of error, brief, or bill of exceptions within fifty days after the filing notice of intention to appeal."

**Smith Builders Supply & Coal Co. v. Johnson, 32 Abs 342— 2nd Dist. Court of Appeals.**

"We have had statement of counsel for appellant which appeals to any discretionary authority that the court might have in waiving the rule, but inasmuch as we have enforced it without exception for five years last past, we cannot waive it in this particular case.

"The procedure to secure an extender of time within which to file brief is such that there is no occasion for counsel running afoul of the rule. Almost without exception, opposing counsel will accede to an extender of time, if the application therefor is made within rule; and if not, it is seldom that the Court will refuse such extender."

Smith Builders v. Johnson, supra.

"1. The Court of Appeals of Franklin County adheres very strictly to the rule that an appeal be dismissed where a brief is not filed within time unless for good cause shown.

"2. After an appeal had been dismissed on the uncontradicted ground that brief had not been filed within the time prescribed by the court rules, no good and sufficient reason being given for noncompliance, it comes too late to ask the court to consider grounds for not filing the brief claimed to be good after time for filing answer memoranda, where no application for extension of time for filing brief had ever been made."

**Foerster v. Foerster, etc., 43 Abs 97**—same court.

"* * * The difficulty with defendant-appellant's position is that he has been derelict in taking the necessary steps to accomplish what he now desires. What defendant-appellant should have done in the first instance was to file with this Court an application for extension of time for filing brief, setting out as a ground therefor the factual situation which he now presents for the first time. The probability is that counsel for the appellee would have signed an agreed entry granting such an extension."

Foerster v. Foerster, etc., supra.

The assignments of error and appellant's brief were filed 67 days after the notice of appeal was filed and also after the appellee had filed his motion to dismiss the appeal for failure to file the assignments of error and brief within the 30 days required by rule of court. They were, also, filed after the 30 day period without leave of court first obtained.

The bill of exceptions was available on the 29th day but was not filed until the 35th day in this court.

The appellant's counsel even to this day has not assigned any reason for his dereliction in not filing the assignments of error and brief within rule, or requesting an extension of time therefor.

We again cite **Golden v. Fogo, 53 Abs 575,** and **Costa v Sturm et al., 53 Abs 284,** both by the Court of Appeals, 2nd District.

There is nothing new presented to the Court on the motion for rehearing, and the same is overruled.

Entry accordingly with exceptions to appellants' counsel.