**LEGANSHUK et, Appellant, v. DEPARTMENT OF LIQUOR CONTROL, Appellee.**

Common Pleas Court, Franklin County.

No. 187390.   Decided August 3, 1953.

Herman Fishman, Cleveland, for appellant.
C. William O'Neill, Atty. Genl., Columbus, for appellee.

## OPINION

By BARTLETT, J.

### APPLICATION FOR REHEARING DENIED.

The so-called motion for a new trial will be considered as an application for a rehearing. No oral argument is permitted on a motion for rehearing. **Hughes v. Roberts, 18 Abs 438, 439.**

Sole office of such application is to direct Court's attention to matters of fact or law that have not been given attention; not to merely rehash same matters. **White v. Columbus, et al., 27 Abs 487, 496.** However, the Court has given attention to the brief in support of rehearing and has reexamined its original decision.

Counsel for appellant urges that the Court's decision interferes with free enterprise and unduly favors the competitors of the appellant in the grocery business. The difficulty with this contention, is that neither the General Assembly nor the courts have considered the sale of intoxicating beverages as properly belonging in the field of free enterprise. In fact, Ohio is one of the states which has taken a monoply on the sale of whiskey by the bottle, with rare exceptions, and entirely so in the wholesale field.

In any event, as this Court pointed out in its original decision, the Court of Appeals of this district in the Slaughter case upheld Regulation No. 12, Sec. 111 of the Board of Liquor Control directing the Department of Liquor Control to consider the number of permit premises in the immediate area, when determining whether to grant or refuse a permit. This certainly is not free enterprise.

In the case of Hermelin etc., v. Board of Liquor Control (Case No. 185,809), Harter, J., of this court among other things ruled, "that the state will not deprive one citizen of the right to earn his livelihood by means of a lawful calling while according that right to others similarly situated." The Court of Appeals overruled Judge Harter's decision in its case No. 4893. The Hermelin case involved an application for a C-2 permit (Carry-out) for premises within 500 feet of a church which objected that there were too many permits in the area, just as in the instant case.

The Court feels constrained to adhere to its original decision, and accordingly overrules the application for a rehearing.

Entry accordingly with exceptions by counsel for appellant.