**WEINTRAUB et, Appellant, v. BOARD OF LIQUOR CONTROL et, Appellee.**

Common Pleas Court, Franklin County.

No. 187543.   Decided August 3, 1953.

Feighan & Feighan, Cleveland, for appellant.
C. William O'Neill, Atty Genl., Columbus, for appellee.

## OPINION

By BARTLETT, J.

### MOTION FOR REHEARING DENIED.

No oral argument will be permitted on application for rehearing. **Hughes v. Roberts, 18 Abs 438, 439.** Sole office of such application is to direct court's attention to matters of fact or law that have not been given attention; not to merely rehash same matters. **White v. Columbus, et al., 27 Abs 487, 496.**

As pointed out in previous opinion, this Court is not required to weigh the evidence.

It is now suggested by counsel for appellant that even though appellant's present operation is contrary to the statute, that instead of denying the application for renewal it should be allowed upon condition that appellant take reasonable steps to separate the drug and restaurant business. These are matters to be addressed to the Department of Liquor Control rather than the courts.

"In effectuating the enforcement of the Liquor Control Act the Legislature, as we say in **Board of Liquor Control v. Tancer, 48 Abs 63,** has by §6064-8 GC reposed in the Board of Liquor Control the power to grant or refuse permits as long as it does so in accordance with the statute and other applicable laws .its decision is final and conclusive."

Department of Liquor Control v. Slaughter, Court of Appeals case, 2nd District, No. 4917.

Application for rehearing denied.