W. R. SANDERS V. STATE.

No. 29,835. May 21, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) June 18, 1958.

*John B. Rogers,* Austin, and *Hardeman, Smith & Foy,* by *Dorsey B. Hardeman,* San Angelo, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Samuel H. Robertson, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the unlawful practice of dentistry; the punishment, six months in jail and a fine of $500.00.

This prosecution is brought under Article 754a, Section (3), V.A.P.C., which provides, in part, as follows:

"Any person who shall offer or undertake in any manner to prescribe or make, or cause to be made, an impression of any portion of the human mouth, teeth, gums, or jaws * * * for the purpose of *constructing or aiding in the construction of* any dental appliance, denture, dental bridge, false teeth, dental plate or plates or false teeth, or any substitute for human teeth." (Italics ours).

The prosecuting witness in the case at bar testified that he had worn false teeth for some time prior to the day charged in the information, they had gotten loose by reason of the shrinking of his jaw, that he went to the appellant, who ran a dental laboratory, in order to have his plate "relined" so that it would fit more securely, and that the appellant did so with the desired result.

Prior to the 1954 amendment of Article 754a, supra, the term "repair" appeared in the statute, but it was not brought forward in the amendment.

We are called upon at the outset to determine if this act of relining, or repairing, of a dental plate comes within the statute above quoted. It is apparent that, since the statute does not mention repairs, we must determine if the same is included with-

in the term "construction." It is important, we conclude, to note that, since in the 1954 amendment the legislature failed to include therein the prohibition against repairs, we must view this as an intentional act of omission on their part.

Under a statute similar to ours prior to its amendment, the Court of Appeals of Ohio, in State v. Fishwick, 85 N.E. 2d 136, held that relining of a dental plate which had become loose by reason of the shrinking of the jaw constituted a repair. Since the words are not synonymous, we are compelled to conclude that the process of relining an already existing dental plate cannot be held to be "constructing" a dental plate within the meaning of our statute.

The judgment is reversed and the cause remanded.