The judgment of the lower court will therefore be affirmed.

*Judgment affirmed.*

FERNEDING and ALLREAD, JJ., concur.

Judges of the Second Appellate District, sitting in place of Judges SULLIVAN, VICKERY and LEVINE of the Eighth Appellate District.

DIETRICH *v.* PETERS.

(Decided April 30, 1928.)

*Mr. Stephen M. Young,* for plaintiff in error.
*Messrs. Merrick, Fitzmartin & Walsh,* for defendant in error.

LEVINE, J.   This case comes into this court on error proceedings seeking to reverse a judgment of the municipal court wherein judgment was rendered in favor of William G. Peters, defendant in error.

In the trial court the case proceeded upon an amended statement of claim, which, in substance, alleged that under the terms of an oral contract of bailment the defendant in error delivered his automobile to plaintiff in error at his garage, to be safely kept and stored by plaintiff in error, and to be redelivered to defendant in error at defendant in error's request, for a consideration of $10 a month, which was paid in advance by defendant in error; that on the 25th day of December, 1926, defendant in error called for his automobile, but plaintiff in error refused to deliver said automobile.

Plaintiff in error relies upon for defense:

First. That the contract of bailment entered into between the parties expressly exempted the bailee from responsibility for loss to patrons by fire or theft.

Second. That the bailee was not guilty of any negligence, under the circumstances, which in any way caused the disappearance of the automobile.

Third. That the bailor was compensated for his loss by insurance, he having carried theft insurance.

The record fairly supports the theory that an employee of plaintiff in error stole the automobile. The automobile and the employee disappeared simultaneously. Neither was ever heard from since. In addition, a witness was produced who testified that about Christmas time, 1926, he saw the employee of plaintiff in error driving along in a Ford coupe of the appearance of defendant in error's Ford coupe.

Considerable discussion is devoted in the briefs and argument to the theory of defendant in error's case. Plaintiff in error contends that the wording of the amended statement of claim clearly constitutes

an action for conversion, and then proceeds to point out, upon authority, that when a cause of action against the bailee is in the nature of a tort, the burden is placed upon the owner, the bailor, to show that the loss was due to the negligence of the bailee; that there is an absence in the record of any such evidence and that quite the contrary is true, namely, that there is evidence in the record indicating that plaintiff in error exercised care in the selection of his employee.

We are unable to agree with the contention that the action of defendant in error is one for conversion, since the amended statement of claim sets forth the contract of bailment, and, amongst the terms thereof, the duty of the bailee to deliver the automobile to the bailor at the bailor's request. This latter provision is as much a part of the contract of bailment as is the duty and undertaking on the part of the bailee to safely keep and store the same. When the terms of the contract are set forth, the failure to deliver the automobile upon demand is a breach of one of those terms.

It is conceded by counsel for plaintiff in error, that, if the action proceeded upon the contract of bailment, a *prima facie* case would have been established by merely showing the demand on the part of the bailor for his automobile and the failure on the part of the bailee to comply with the same, and that the burden would then be cast upon the bailee to show freedom from negligence. It follows, therefore, that in the case at bar, if the action is to be construed as proceeding upon the contract of bailment and a breach of its terms, the defendant in error made a *prima facie* case by showing that he

demanded a return of his automobile and that the bailee refused to return same.

The trial court acted in the capacity of judge and jury. Questions of fact as well as questions of law were submitted to the court for its determination. The outstanding evidence offered by plaintiff in error, by way of defense, was that he exercised care in the selection of the employee who was responsible for the disappearance of the automobile. We are of the opinion that this alone does not define the limit of the bailee's duty. He is bound, under the contract of bailment, to take reasonable precautions for the protection of the bailor's property, and this may require, under the circumstances, some reasonable precaution on the part of the employer to protect the property from the depredation of the employee, who may be tempted to steal the property of the bailor.

The trial court apparently found that the plaintiff in error did not sustain by sufficient evidence his defense that he exercised care. It must be kept in mind that the trial court had the opportunity to observe the witnesses while on the witness stand, their manner of testifying, and was enabled to gather impressions concerning the testimony offered by the witnesses. The trial court was not bound to accept the statement of the plaintiff in error concerning the care which he exercised in the selection of his employee, if the statements of the witness did not carry conviction to the mind of the trial court. In the final analysis it becomes a question of the weight of the evidence. In order to reverse upon the weight of the evidence, the judgment must be manifestly

against the weight of the evidence, which we are unable to say is so in the case at bar.

Defendant in error alludes to a rather novel point, namely, that if it be held that the statement of claim is one for conversion, and therefore sounds in tort, the employer may be held liable for a conversion of the automobile by his employee to the same extent as he would be in the case of his own conversion of the automobile, citing *Fatta* v. *Edgerton,* 143 App. Div., 658, 128 N. Y. S., 181, wherein it was held:

"The principal, and not a third person, is liable for any loss caused by his agent's conversion of property which came into his hands by virtue of the relation of agency."

Also, in *National Liberty Insurance Co.* v. *Sturtevant-Jones Co.,* 116 Ohio St., 299, 309, 156 N. E., 446, 449 (52 A. L. R., 705), decided by the Supreme Court of Ohio March 29, 1927, it is said:

"The liability of the master for the tort of the servant grows out of the theory that the servant is acting for the master. The liability in this case grows out of the fact that the master has failed to do the thing he agreed to do. The fact that he selected an unskilled or untrustworthy servant to carry out for him his part of a contract with a third person is no more an excuse against such third person than would be his own excuse that he employed his own unskillful left hand instead of his skillful right hand in the performance of the work."

There may be a great deal of merit in this contention for the reason that an action for conversion is not predicated upon the theory of negligence. Conversion as well as trespass are distinct causes of action, and if a master is held for the trespass of his

employee, independent of the question of negligence, there is no reason why the same would not be true in the case of conversion; but in view of our theory of the pleadings, and regarding the statement of claim as pleading an action for a breach of the contract of bailment, it becomes unnecessary to further discuss this last point.

The defense of plaintiff in error that the contract of bailment exempted him from responsibility for loss to patrons by theft is sought to be substantiated by evidence that he caused signs to be posted in his garage in the following words: "We are not responsible for loss to patrons by theft or fire."

We are of the opinion that the act of the bailee in posting such signs, being his own act, is therefore unilateral in character, and is not binding upon the bailor, unless his attention was called to the sign and he expressly or impliedly agreed to same. A contract being founded upon a meeting of the minds between the contracting parties contains only such terms as are agreed upon. In the absence of evidence that the bailor agreed expressly or impliedly to the provision contained in the signs, such provision would not constitute a part of the understanding between the parties.

The defense that the defendant in error was compensated for his loss by a theft insurance company does not, in our opinion, avail plaintiff in error, for the reason that the same is a matter entirely between the insurance company which paid the loss and defendant in error himself. The insurance company, if it chooses, may claim subrogation to the benefit of the judgment which the defendant in error obtained in this case, but the payment of the claim

by the insurance company does not inure to the benefit of the plaintiff in error.

Upon these considerations, we hold that there is no reversible error in the record, and the judgment of the municipal court will therefore be sustained.

*Judgment affirmed.*

SULLIVAN, P. J., and VICKERY, J., concur.