**JOHNSON, Plaintiff-Appellee, v. STEINHAUER, ET AL., Defendant-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 1895. Decided December 12, 1946.

Paul J. Gaiser, Dayton, for Plaintiff-Appellee.

Scharrer, Scharrer & Hanaghan, Dayton, for Defendant-Appellant.

## OPINION

By WISEMAN, J.:

This is an appeal on law from a judgment of the Common Pleas Court of Montgomery County, Ohio, affirming the judgment of the Municipal Court of Dayton in favor of the plaintiff.

The case was tried to the court without the intervention of a jury. The court rendered separate findings of fact and conclusions of law which together with the transcript of the docket and journal entries constitute the record in this case.

Briefly stated, the facts are as follows: The plaintiff delivered his automobile to the defendant to finish a repair job which the defendant had begun but had not completed; the defendant, because of other employment and illness, was not able to make the repairs; the defendant upon driving along Home Avenue in Dayton, Ohio, had trouble with his own automobile and seeing a place of business where there were automobiles, entered the place of business and inquired whether there was a mechanic there; upon finding a mechanic at the place of business he engaged him to fix his own automobile, which was promptly done; thereupon, without the knowledge or consent of the plaintiff, the defendant engaged the mechanic at this place of business to repair plaintiff's automobile; the defendant drove the plaintiff's automobile to said place of business, left instructions as to the repair work and the return of plaintiff's automobile to the defendant's residence; the day after the plaintiff's automobile was supposed to be delivered to the defendant, the defendant learned that the plaintiff's automobile had been stolen by the mechanic at said place of business, driven to Xenia, Ohio, and wrecked; said place of business was not an automobile repair shop but was an auto wrecking lot and a place where used parts of automobiles were offered for sale.

The trial court found that the defendant was a bailee for hire and had not exercised ordinary care in taking plaintiff's automobile to said auto wrecking lot to have it repaired.

As a part of the conclusions of law, the trial court found:

"Therefore, as a conclusion of the facts, the court finds that the defendant, Otto P. Steinhauer, did not under the circumstances exercise that degree of care an ordinary prudent man would use when he left, as bailee, the bailor's automobile at a place of business that was not an automobile repair shop,

and did not hold themselves out as such and as a matter of fact was an auto wrecking lot and used parts sales lot."

The Common Pleas Court on review, in commenting on this finding of the trial court, say:

"We agree with counsel for defendant that there is reason to question the soundness of the proposition that the delivery of an automobile to an automobile wrecking lot for repair purposes is negligence, but we find no difficulty in agreeing with the finding and judgment of the lower court for a different reason."

The fact that the trial court may have assigned a reason for its conclusion which the Court of Common Pleas and this Court cannot approve, does not require reversal. If the judgment is correct, a reviewing court will not reverse merely because erroneous reasons were assigned. In **Insurance Co. v Constantine, 144 Oh St 275, on page 284**, the Court say:

"If the defendant was entitled to judgment at the conclusion of the plaintiff's case, the fact that the trial court based its conclusion upon an erroneous reason is unimportant. By repeated decisions of this court it is the definitely established law of this state that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof."

The Common Pleas Court found that the defendant in delivering plaintiff's automobile to said auto wrecking lot for repair work which he, the defendant, was engaged to perform, breached and violated a contract of bailment, and for any loss which resulted, the defendant should respond in damages.

The plaintiff's action was grounded on contract. It is the duty of the bailee under a contract of bailment for hire to exercise due care to prevent loss of or damage to the bailor's property; if the bailee fails to exercise due care he is liable for any damage resulting by reason of such failure. Where the bailee fails to redeliver the property to the bailor upon demand made therefor, a right of action accrues in favor of bailor. While it is true some authorities hold that where the action is founded on contract, the bailor has sustained his burden of proof when he proves the bailee's failure to return the property, and, thereupon, the burden rests upon the bailee to establish as an affirmative defense that he exercised due care, nevertheless, the law appears to be fairly well established in Ohio that whether the action is based on contract or negli-

gence, proof of failure to return the property makes out a prima facie case of liability and that the burden to proceed with the evidence shifts to the bailee to explain his failure to redeliver. In **North River Ins. Co. v Ohmer, 63 Oh Ap 346,** the Court of the Second District had before it a case where an automobile had been stolen from a parking garage. In a well-considered opinion by Judge Hornbeck, this Court held:

"Where the owner of an automobile places it in a garage in which space is rented for the storage of automobiles, the relationship of bailee for hire arises, and if, upon demand by the owner for his automobile, the bailee cannot produce it, a presumption of negligence on the part of the bailee arises and the owner will be entitled to recover for any damages shown unless the bailee produces evidence of sufficient weight to counterbalance the presumption against him.

"In such case, mere proof of theft of the automobile from the premises of the bailee will not, in and of itself, meet such presumption against the bailee."

In Insurance Co. v Constantine, supra, an automobile had been stolen from a parking lot. Judge Bell, in a most able opinion, discussed in a rather comprehensive manner the law with reference to bailments, citing authorities in support thereof. We may well rest this case on the two cases just referred to. In the latter case, the second, fourth and sixth paragraphs of the syllabus are as follows:

"2. Where a bailor delivers property to a bailee and such bailee fails to redeliver the bailed property upon legal demand therefor, a cause of action, either ex contractu or ex delicto, accrues in favor of the bailor.

"4. In an action by a bailor against a bailee based upon a breach of the contract of bailment, where the bailor proves delivery of the bailed property and the failure of the bailee to redeliver upon legal demand therefor, a prima facie case of want of due care is thereby established and the burden of going forward with the evidence shifts to the bailee to explain his failure to redeliver.

"6. In an action by a bailor for damages by reason of the bailee's failure to redeliver the bailed property, the burden of proof is upon the bailor to prove that the bailee was guilty of negligence or want of due care. In determining that question, the presumption of negligence or want of due care arising from bailee's failure to redeliver, his explanation of the circumstances surrounding such failure and any evidence offered to rebut such explanation, all should be considered and weighed by the trier of the facts. To entitle the bailor to prevail the

preponderance of all the evidence must support the conclusion that the bailee was guilty of negligence or want of due care."

See **Volume 5, O. Jur., pp. 124-5.**

In the case at bar the evidence presented by the defendant in explanation of his failure to redeliver the automobile to the plaintiff is not strong enough to warrant an inference that the defendant had exercised due care; rather, the evidence supports the finding of the Common Pleas Court that the defendant by his own affirmative act breached and violated the contract of bailment by delegating the performance of his undertaking to another; for any such breach resulting in damage, the defendant should respond in damages. See Vol. 6 Am. Jur., Sec. 227, page 312. The defendant under such a state of facts is liable even though he used due care in the selection of a person to whom he delegated the performance of his undertaking. In Vol. 6, Am. Jur., Sec. 228, page 312, the text is as follows:

"The weight of authority supports the rule that if the bailor, without authority, deviates from the contract as to the place of storage or keeping of the property, and a loss occurs which would not have occurred had the property been stored or kept in the place agreed upon, the bailee is liable, even though he is not negligent. This rule regards the bailee as assuming, by his breach of contract, the risk of any injury which would not have resulted had he not committed such breach, even though the place to which he moves the goods is equally safe and proper for the purpose. Where his contract is to keep the property in a particular place, the bailee's liability is the same notwithstanding he was compelled by force of circumstances to place it elsewhere and in so doing was not guilty of any negligence. In such a case it appears that it is the bailee's duty to notify the bailor and to obtain his consent to the change if he is to avoid liability."

For a group of cases in support of this proposition of law, see Volume 12, A. L. R., page 1322.

All the assignments of error urged by counsel for the appellant hinge on the one legal proposition herein discussed.

The Common Pleas Court found that the defendant had breached his contract of bailment by delegating the performance of his undertaking to another, and we likewise so find.

Finding no prejudicial error in the record, the judgment is affirmed.

HORNBECK, PJ, and MILLER, J, concur.