MIDWESTERN INDEMNITY COMPANY ET AL., APPELLEES, *v.* WINKHAUS ET AL., APPELLEES; RIDER, D.B.A. AUTO APPEARANCE, APPELLANT.

(No. 87AP-385—Decided October 8, 1987.)

*Earl, Warburton & Adams* and *Dick Warburton, Jr.,* for appellees Midwestern Indemnity Co. et al.

*Robert L. Herrow,* for appellant.

REILLY, J. This is an appeal from a judgment of the Franklin County Municipal Court. Defendant, Lee Rider, d.b.a. Auto Appearance (hereinafter "defendant"), advances three assignments of error:

"I. The Trial Court erred in rendering judgment in favor of plaintiffs-appellees based solely on the principle that where one of two innocent persons must be made to suffer as a result of the actions of a third, the person who made it possible for the third to act, must bear the burden and responsibility of such actions.

"II. The judgment of the trial court entered against defendant-appellant, Lee Rider dba, is contrary to law and against the manifest weight of the evidence.

"III. The trial court erred in failing to render judgment against the actual wrongdoer defendants."

Defendant's first and second assignments of error are interrelated and are considered together. For the following reasons, this court finds that defendant's first and second assignments of error are well-taken, as there is no credible competent evidence that defendant failed to exercise ordinary care under the circumstances.

It is undisputed that the bailee, defendant herein, failed to redeliver the truck upon demand. In the case of *State Auto. Mut. Ins. Co.* v. *Roberts* (Aug. 11, 1987), No. 87AP-117, unreported, this court reviewed the well-established principles of bailment law which are equally applicable here:

"In a breach of bailment action, once the plaintiff has established a prima facie case of negligence in accordance with *David* v. *Lose* (1966), 7 Ohio St. 2d 97, the burden of going forward with the evidence shifts to the bailee to explain his failure to redeliver. See *Seymour* v. *Rodenfels Chevrolet* (Aug. 29, 1978), Franklin App. No. 78AP-109, unreported (1978

Opinions 2457). The bailee is liable for not delivering the property which is the subject of the bailment but is excused if it has been lost without fault or want of due care on his part. *David, supra.* In establishing the negligence or want of due care of the bailee, the presumption of negligence arising from the bailee's failure to deliver and his explanation of the circumstances surrounding such failure and any evidence offered in rebuttal, should all be considered and weighed by the trier of facts. *Maloney* v. *General Tire Sales* (1973), 34 Ohio App. 2d 177. The preponderance of all the evidence must support the conclusion that the bailee was guilty of negligence or want of due care in order for the bailor to prevail, regardless of which party produced the evidence. *Agricultural Ins. Co.* v. *Constantine* (1944), 144 Ohio St. 275." *Id.* at 3.

The *State Auto. Mut. Ins. Co.* case involved an after-hours theft by an employee of bailed property at an auto repair garage. The bailee's employee was entrusted with the store's keys and was responsible for closing and locking the building. The court, in finding that the bailee had failed to exercise ordinary care, stated at 5:

"* * * [T]he facts are uncontroverted that the employee was entrusted with a key to the building, which in turn gave him access to the Corvette. In essence, the employer provided the means for the employee's access to the car which demonstrates a lack of due care on the part of appellant [bailee]."

The court held that the bailee had failed to exercise ordinary care and stated, at 4, the following:

"* * * Appellant testified that he told each of his employees that if they entered the gas station after regular business hours they were to consider themselves fired on the spot. Although the employee's taking of the car was neither authorized by appellant, nor within the scope of his employment, it was appellant who provided the means for the employee to have access to the car by entrusting him with a key to the building and, at least, ready access to the keys to the car. See *Burke* v. *Posner* (1943), 60 N.E. 2d 190 (Hamilton County Appeal). In essence, the employer-bailee delegated and relinquished his total control to safeguard the car by giving the employee a building key, which allowed the employee to have access both to the car and the keys thereto. *Thus, based on agency principles and the respondeat superior theory of liability, it is the employer-bailee who is ultimately responsible for the property when he entrusts its safekeeping to an employee. Here, it was the duty of the employee-thief to make sure the car was driven inside, to lock the car, and to lock the building.*" (Emphasis added.)

In contrast to *State Auto. Mut. Ins. Co., supra,* the bailee, defendant herein, provided neither access to the truck nor relinquished any control whatsoever over the truck by any intentional or negligent acts. The trial court's decision appears to have been based on the fact that defendant, at closing time, gave a lock to co-defendant Bolin to secure the garage door, thereby providing him the opportunity by deceptive means to switch the locks instead of securing the garage door himself. The switching of the padlocks, however, did not provide the co-defendants access to the truck.

While the principles of law set forth in *Maloney* v. *General Tire Sales* (1973), 34 Ohio App. 2d 177, 63 O.O. 2d 289, 296 N.E. 2d 831, the case upon which the trial court relied, are equally applicable herein, *Maloney* is also factually distinguishable. In *Maloney,* there was sufficient evidence that the bailee had left the bailed property, an automobile, parked in an unattended

lot behind the bailee's building with the key in the ignition without the bailor's permission. The bailee offered rebuttal evidence, which the trial court rejected. The appellate court, at 182, 63 O.O. 2d at 293, 296 N.E. 2d at 835, noted:

"A trial court in determining the question of negligence or want of due care arising from the bailee's failure to redeliver, may look at the bailee's explanation of the circumstances surrounding such failure, and any evidence offered by the bailor to rebut such explanation."

In this case, the truck was parked in a well-lighted, fenced-in lot. The keys were located in a storage room which was locked. The desk drawer where the keys were placed was also locked. Moreover, it was stated in the "Agreed Statement of Fact" that: "* * * No employee of defendant, Lee Rider dba, ever had the keys to the padlock, to the building, to the room inside of said building or the desk or its drawers." On the night in question, it was also agreed that: "* * * Mr. Rider inspected the premises and found that everything was locked except the overhead door which he locked and also the office door. He also inspected all the cars on the lot and those inside to make sure that they were locked and that all keys were locked inside the shop." Mr. Rider and his wife even drove by the lot that night and determined that the shop and lot appeared in order. Nevertheless, despite these reasonable precautions, co-defendants Bolin and Winkhaus gained access to the keys to the truck after-hours by breaking into a storage room and a desk drawer where the keys had been locked.

Further, there is no evidence that co-defendant Bolin was negligently hired or retained. In addition, there is no indication that he had any proclivity for committing such acts or that he had a reputation for dishonesty.

It is evident that an employee who returns after-hours and commits a criminal act is acting outside the scope of his employment. Therefore, the bailee, defendant herein, cannot be held liable under the doctrine of *respondeat superior*. There are courts outside Ohio, however, which have nonetheless held that an employer-bailee is liable on a breach of contract theory despite the fact that the employee was found to have acted beyond the scope of his employment. See Annotation, Liability of garage-man for theft or unauthorized use of motor vehicle (1955), 43 A.L.R. 2d 403, Section 21 and cases cited therein. See, also, Annotation, Liability for loss of automobile left at parking lot or garage (1982), 13 A.L.R. 4th 362, Section 10 and cases cited therein.

Under a breach of contract theory, courts have held that a garageman has an absolute duty to exercise ordinary care and the failure to return the motor vehicle in the same condition is a breach of that contractual duty. The underlying reasoning in those cases is in part predicated upon the personalized nature of the contract of bailment for hire as well as the belief that a garageman will not be allowed to escape liability for acts committed by an employee outside the scope of his or her employment. Essentially, absolute liability is imposed on the bailee.

We recognize that there may be some distinguishing factors when a theft is committed by an employee as opposed to a total stranger; especially, since the employee as a result of his employment may be able to accomplish a theft of a motor vehicle with less difficulty than a stranger. For example, an employee may know the exact location of the keys to a motor vehicle but a stranger would not. An employer should not be afforded total impunity

by declaring that the employee acted beyond his employment. Nevertheless, the employer-bailee is not an insurer of the bailed property under Ohio law.

The court in *Dietrich* v. *Peters* (1928), 28 Ohio App. 427, 162 N.E. 753, stated in the third paragraph of the syllabus, the following:

"Bailee under contract of bailment is bound to take reasonable precautions for protection of bailor's property, *which may require some reasonable precaution on part of employer to protect property from depredation of employee, who may be tempted to steal property of bailor.*" (Emphasis added.)

In *Dietrich,* the court did not hold an employer-bailee liable for the unauthorized acts of an employee regardless of the fact that the employer took every reasonable precaution to prevent theft of the bailed property by an employee. It is apparent from a review of the "Agreed Statement of Fact" that defendant had taken reasonable precautions in safeguarding the bailed property. The bailee is not held to the duty of extraordinary care or that of an insurer, but must only exercise ordinary care under the circumstances. To uphold the ruling of the trial court would be to find, as other jurisdictions have, that in all cases an after-hours theft by an employee is attributable to the bailee in a bailment situation under a breach of contract theory. Such is not the law in Ohio.

Manifestly, the utilization of guard dogs or electronic surveillance devices may have lessened the likelihood of theft of the truck. Nevertheless, co-defendants Winkhaus and Bolin circumvented the precautions taken, reasonable as they were, enabling them to steal the truck only after returning after-hours and breaking into the storage room and desk drawer where the keys to the truck were located. Although plaintiffs raised an inference of negligence, this inference was clearly rebutted by defendant, considering the overwhelming facts agreed to by the parties which indisputably demonstrate that defendant exercised ordinary care in safeguarding the bailed property. In light of these reasonable precautions taken, the trial court erroneously imposed absolute liability upon defendant for the unauthorized, willful and wrongful criminal acts of his employee(s) committed after hours.

Thus, for the foregoing reasons, we find that the judgment of the trial court is against the manifest weight of the evidence. See *C.E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578.

Defendant's third assignment of error is not well-taken. Judgment was rendered by the trial court against defendant, and no cross-claim or third-party claim was filed by him against co-defendants Winkhaus or Bolin. Moreover, the half-sheet of the court docket, dated November 5, 1986, included the following:

"Counsel for Plaintiff and counsel for Defendant Lee Rider dba Auto Appearance appearing. By agreement by and between counsel, case to be submitted to Court based on findings and stipulations to be filed by 12/12/86 as to case between plaintiff and defendant Lee Rider only. Further, defendant Anthony L. Bolin not having been served as of this date, R/A for Service to 12/12/86 @10:30. Also, defendant Paul Winkhaus not having appeared for trial, Judgment hereby rendered in favor of plaintiff against defendant Paul Winkhaus, only, for $4,395.50 plus Interest and Costs."

Hence, the cause was submitted to the trial court by agreement upon findings and stipulations between plaintiffs and defendant for a decision between plaintiffs and defendant only. Consequently, defendant could not seek judgment in this case against the co-de-

fendants, the parties referred to in his third assignment of error.

Defendant's third assignment of error is overruled. Defendant's first and second assignments of error are sustained. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

WHITESIDE and McCORMAC, JJ., concur.