## West American Insurance Co.
### v.
### Stith
*[Cite as 4 AOA 509]*

*Case No. CA89-11-091*
*Clermont County, (12th)*
*Decided June 4, 1990*

*Vogel, Heis, Wenstrup & Cameron, Daniel J. Wenstrup, 500 Atlas Bank Building, 524 Walnut Street, Cincinnati, Ohio 45202, for Plaintiffs-Appellees.*

*Ely & True, Rex E. Ely, 322 Main Street, Batavia, Ohio 45103, for Frazier-Williams Chevrolet-Oldsmobile, Inc., Defendant-Appellant.*

YOUNG, J.

Plaintiff-appellee, Ronald W. Makin ("Makin"), delivered his 1985 Oldsmobile Calais to defendant-appellant, Frazier-Williams Chevrolet-Oldsmobile, Inc. ("Frazier-Williams"), for repairs. Without Makin's knowledge or consent, Frazier-Williams hired an independent contractor, defendant, Steven W. Stith ("Stith"), to perform the repairs. On April 6, 1988, Stith picked up Makin's vehicle from Frazier-Williams in order to take it to his body shop. In route, Stith was involved in an accident causing damage to Makin's vehicle in the amount of $7,262.50. Makin's insurer, plaintiff-appellee, West American Insurance Company ("West American"), paid for the loss less a $250 deductible. West American thereafter asserted its subrogation rights by filing suit against Stith in negligence and against Frazier-Williams in bailment, negligent entrustment and *respondeat superior.*

On July 24, 1989, Frazier-Williams filed a motion for summary judgment on the negligent entrustment and *respondeat superior* claims. On August 2, 1989, West American moved for summary judgment against both defendants on all claims. The trial court heard both motions together and on September 15, 1989, ruled in favor of Frazier-Williams on the negligent entrustment and *respondeat superior* claims and in favor of West American on the bailment and negligence claims. Frazier-Williams thereafter perfected the instant appeal and now argues in a single assignment of error that the trial court erred in granting summary judgment to West American on the claim in bailment.

Before the trial court may award summary judgment, it must be satisfied that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Harmless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64. The burden of persuasion in this regard is strictly upon the party moving for summary judgment. *AAAA Enterprises, Inc.* v. *River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St. 3d 157.

The law applicable to an action based upon a contract of bailment was set forth in the syllabus of *David* v. *Lose* (1966), 7 Ohio St. 2d 97:

"1. In order to establish a *prima facie* case against a bailee in an action sounding the contract, a bailor need prove only (1) the contract of bailment, (2) delivery of the bailed property to the bailee and (3) failure of the bailee to redeliver the bailed property undamaged at the termination of the bailment.

"2. In an action by the bailor against a bailee based upon a breach of the contract of bailment, where the bailor proves delivery of the bailed property and the failure of the bailee to redeliver upon legal demand therefor, a *prima facie* case of want of due care is thereby established, and the burden of going forward with the evidence shifts to the bailee to explain his failure to redeliver. (*Agricultural Ins. Co.* v. *Constantine*, 144 Ohio St. 275, followed.)"

Frazier-Williams concedes that the evidentiary materials submitted by West American established a *prima facie* case. Frazier-Williams argues, however, that the failure to redeliver the vehicle undamaged was the result of Stith's negligence, not its own. Thus, Frazier-Williams asserts that it could not be held liable because the vehicle was damaged without fault or want of due care on its part. *David, supra,* at 99; Midwestern Indemn. Co. v. *Winkhaus* (1987), 42 Ohio App. 3d 235, 336.

To show that it exercised due care, Frazier-Williams relies upon the affidavit of its general manager, Gary L. Grever. According to this affidavit, which accompanied Frazier-Williams' motion for summary judgment, Frazier-Williams "did not know, or did it have reason to believe that Stephen W. Stith was otherwise than a prudent and careful driver, and that he had not been involved in any previous accidents with customers vehicles prior to April 6, 1988 * * *." We find, however, that such evidence is insufficient as a matter of law to overcome the *prima facie* case established by West American.

In *Johnson* v. *Steinhauer* (1946), 81 Ohio App. 202, the Montgomery County Court of Appeals held that a bailee who attempts to delegate its responsibility under a contract of bailment to an independent contractor without the consent of the bailor is liable on the contract even though the bailee used due care in selecting the independent contractor. In that case, as in the case of bar, the plaintiff delivered his vehicle to the defendant for repairs. Due to circumstances, however, the defendant was unable to perform the repairs. Therefore, the defendant, without the knowledge or consent of the plaintiff, engaged another mechanic to perform the repairs. The mechanic, however, stole the automobile and wrecked it. In finding the defendant liable for damages, the court stated:

"The weight of authority supports the rule that if the bailor, without authority, deviates from the contract as to the place of storage or keeping of the property, and a loss occurs which would not have occurred had the property been stored or kept in the place agreed upon, the bailee is liable, even though he is not negligent. This rule regards the bailee as assuming, by his breach of contract, the risk of any injury which would not have resulted had he not committed such breach, even though the place to which he moves the goods is equally safe and proper for the purpose. Where his contract is to keep the property in a particular place, the bailee's liability is the same notwithstanding he was compelled by force of circumstances to place it elsewhere and in so doing was not guilty if any negligence. In such a case it appears that it is the bailee's duty to notify the bailor and to obtain his consent to the change if he is to avoid liability." *Id.* at 207-208, quoting 6 American Jurisprudence 312, Bailments, Section 228.

According to the rationale of *Johnson*, a bailee in the position of Frazier-Williams can overcome the bailor's *prima facie* case only if the bailee demonstrates that it exercised due care in selecting the independent contractor and obtained the consent of the bailor to such action. This holding is predicted upon the personalized nature of the bailment contract. In such situations;

"[t]he relationship of bailor and bailee is one in which the bailor trusts the possession of his property to the bailee for the accomplishment of the bailment purpose. In most cases the bailor seeks out the bailee because of his special skill or ability to accomplish the purpose intended and not for the purpose of having him select others, by independent contract, to do the work." *United States Fire Ins. Co.* v. *Paramount Fur Service, Inc.* (App. 1957), 77 Ohio Law Abs. 11, 15-16, modified (1959), 168 Ohio St. 431.

In the case at bar, it is undisputed that Makin took his vehicle to Frazier-Williams, not Stith, for repair. Frazier-Williams, however, delivered possession of the vehicle to Stith without the knowledge or consent of Makin. In doing so, Frazier-Williams breached the contract of bailment with Makin and is liable as a matter of law for damages resulting therefrom. *Johnson, supra.* Under such circumstances, summary

judgment was appropriate. The sole assignment of error is overruled.

*Judgment affirmed.*

JONES, P.J., and KOEHLER, J., concur.