[Cite as *Ballard v. Nationwide Ins. Co.*, 2013-Ohio-2316.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LATIA BALLARD, et al. | ) | CASE NO. 11 MA 122 |
| | ) | |
| PLAINTIFFS-APPELLANTS | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| NATIONWIDE INSURANCE CO. | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Court of Common
Pleas of Mahoning County, Ohio
Case No. 10 CV 1132

JUDGMENT:      Affirmed.

APPEARANCES:
For Plaintiff-Appellant, Latia Ballard:      Atty. Angela Mikulka
Atty. Thomas Mikulka
The Mikulka Law Firm
134 Westchester Drive
Youngstown, Ohio  44515

For Plaintiff-Appellant, James Glenn:      Atty. Joseph Moro
Heller, Maas, Moro & Magill
54 Westchester Drive
Youngstown, Ohio  44515

For Defendant-Appellee, Nationwide:      Atty John Pfau
Pfau, Pfau & Marando
3722 Starrs Centre Drive, Suite A
Canfield, Ohio  44406-8038

JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated:  May 30, 2013

WAITE, J.

**{¶1}** Plaintiffs-Appellants Latia Ballard and James Glenn appeal the judgment of the trial court granting summary judgment against them and in favor of Defendant-Appellee Nationwide Insurance Company ("Nationwide"), in an action for breach of contract for failure to pay medical claims following an automobile accident. Appellants are insureds under a policy underwritten by Nationwide. On appeal, Appellants contend that the trial court erred in determining that Appellants' settlement with the tortfeasor defeated their breach of contract claims against Nationwide as a matter of law. We have held in *Snider v. Nationwide Assur. Co.*, 7th Dist. No. 07 BE 35, 2009-Ohio-1026, that an insured's full and final settlement (including medical expense claims) with a tortfeasor extinguishes a claim for medical expenses brought against the insured's own insurance company. Because Appellants completely settled their claims with the tortfeasor, they have extinguished the damage element necessary to prevail in a breach of contract action. Therefore, the trial court properly granted summary judgment in favor of Nationwide on Appellants' breach of contract claims and the judgment of the trial court in that regard is affirmed

Facts and Procedural History

**{¶2}** Appellant Glenn was involved in a rear-end collision with another vehicle on February 6, 2011. Appellant Ballard was a passenger in Glenn's vehicle at the time of the crash. Glenn was insured by Nationwide. Ballard, as a passenger, was also an insured pursuant to the policy. The policy contains a "medical benefit" provision, contained within the "family compensation coverage," which provides that

Nationwide will pay "usual, customary and reasonable charges - not to exceed $5,000 - for medically necessary services." (11/17/10 Nationwide's MSJ, Exh. A.)

**{¶3}** The policy contains the following provision with regard to subrogation:

**SUBROGATION**

We have the right of subrogation under the:

a) Physical Damage;

b) Auto Liability;

c) Medical Payments;

d) Family Compensation; and

e) Uninsured Motorists;

coverages in this policy. This means that after paying a loss to you or others under this policy, we will have the insured's right to sue for or otherwise recover such loss from anyone else who may be liable. Also, we may require reimbursement from the insured out of any settlement or judgment that duplicates our payments. These provisions will be applied in accordance with state law. Any insured will sign such papers, and do whatever else is necessary, to transfer these rights to us, and will do nothing to prejudice them. (Emphasis deleted.)

(11/17/10 Nationwide's MSJ, Exh. A.)

**{¶4}** Appellants each submitted medical-pay claims to Nationwide. Both claims were denied. Nationwide contended that the Appellants' claimed medical expenses were not related to the accident.

**{¶5}** The current appeal involves the second breach of contract action filed against Nationwide. Appellants originally filed suit for breach of contract and bad faith in 2003, but voluntarily dismissed their complaint in April of 2009, shortly before trial was to commence on the breach of contract claims.

**{¶6}** Appellants then separately sued the tortfeasor, Marie Dockrey. Both Appellants settled separate personal injury claims against Dockrey. Appellant Glenn settled all claims for his past, present and future medical expenses for $10,000. (11/17/10 Nationwide's MSJ, Exh. C.) Glenn indicated that he received full compensation for all of his claimed medical expenses from Dockrey. (11/17/10 Nationwide's MSJ, Exh. B; Glenn Depo. pp. 16-18.)

**{¶7}** Appellant Ballard received medical payment benefits from her separate insurance carrier, Sentry Insurance. (Ballard Depo., p. 14.) She subsequently settled all claims with Dockrey for $11,000 and out of the proceeds of this settlement reimbursed Sentry for its $5,801 medical payment. (11/17/10 Nationwide's MSJ, Exh. C; Ballard Depo. p. 14.)

**{¶8}** Appellants refiled their complaint against Nationwide on March 22, 2010. The complaint included claims for breach of contract and bad faith denial of coverage. Upon Nationwide's motion, the trial court bifurcated the bad faith claims from the breach of contract claims.

**{¶9}** Nationwide filed a motion for summary judgment regarding the breach of contract claims on November 17, 2010, in which it argued that in light of Appellants' full settlement with the tortfeasor, they could not establish damages.

Therefore, Nationwide was entitled to judgment as a matter of law. Appellants filed a brief in opposition on January 18, 2011, to which Nationwide filed a reply.

**{¶10}** On April 21, 2011, the magistrate issued a decision accompanied by findings of fact and conclusions of law. In it, the magistrate granted Nationwide's motion for summary judgment with respect to the breach of contract claims. Appellants filed timely objections and Nationwide responded. On July 18, 2011, the trial court issued a judgment entry overruling Appellants' objections and granted summary judgment to Nationwide on the breach of contract claims. The trial court noted that the bad faith claims remained pending, and the judgment entry included "no just cause for delay" language pursuant to Civ.R. 54(B). This timely appeal followed.

<u>Standard of Review</u>

**{¶11}** Appellants' assignments of error deal with the trial court's decision to grant summary judgment to Nationwide. An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court as set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that

party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). When a court considers a motion for summary judgment, the facts must be taken in the light most favorable to the nonmoving party. *Id.*

**{¶12}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has the reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence that suggests that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

<u>Breach of Contract Claims</u>

**{¶13}** Appellants' two assignments of error both challenge the trial court's ruling on their breach of contract claims against Nationwide and therefore will be discussed together. They assert, respectively:

> The Trial Court erred in finding as a matter of law that Plaintiffs/Appellants suffered no damages as a result of Defendant/Appellee's breach of contract.

The Trial Court erred in applying the holding of *Snider v. Nationwide Assurance Company*, as neither Plaintiff-Appellant was alleged to have breached any contract provision, nor was either accused of failing to cooperate.

**{¶14}** The elements of a breach of contract claim are not in dispute. "In order to recover on a claim of breach of contract, the plaintiff must prove (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damage or loss to the plaintiff." *Price v. Dillon*, 7th Dist. Nos. 07-MA-75, 07-MA-76, 2008-Ohio-1178, ¶44.

**{¶15}** Here, the trial court concluded, based on our holding in *Snider v. Nationwide Assur. Co.,* 7th Dist. No. 07 BE 35, 2009-Ohio-1026, that Appellants failed to prove the element of damages since their medical claims were completely satisfied by virtue of their settlements with the tortfeasor.

**{¶16}** In *Snider*, the plaintiffs were involved in an accident that was entirely the fault of the other driver. They presented a medical payments claim to their insurance carrier, which was denied. They then filed suit against their insurance carrier for breach of contract and bad faith. The bad faith claim was bifurcated and the breach of contract claim proceeded to trial. Shortly before trial, the insurance company learned that the plaintiffs had settled their claims with the tortfeasor. The insurance company moved for a directed verdict, claiming that plaintiffs' medical payments claim was moot because plaintiffs had been fully compensated by the

tortfeasor. The trial court denied the motion and the jury awarded $1,000.00 in damages to the plaintiffs.

**{¶17}** On appeal we reversed the trial court judgment, concluding that the plaintiffs' complete settlement with the tortfeasor negated the essential element of damage or loss as part of a breach of contract claim. *Snider* at ¶30, following *Jayne v. Wayne Mutual Ins. Co.*, 4th Dist. No. 04CA9, 2004-Ohio-6934.

**{¶18}** The instant case is very similar to *Snider*. Here, Appellants completely settled their personal injury claims with the tortfeasor, including their claims for medical expenses. By accepting this settlement, Appellants agreed that they had been reimbursed for their medical expenses. If there are no medical expenses to reimburse, there are no damages that exist in the breach of contract claim alleging failure to pay medical expenses.

**{¶19}** Nonetheless, Appellants attempt to distinguish *Snider* by noting that the insurance company in *Snider* claimed that the policyholders had failed to cooperate in submitting the claims, whereas in the present case there had been no contention that Appellants failed to cooperate. It appears, however, this is a distinction without a difference. The insurance company in *Snider* did allege the defense of failure to cooperate as an attempt to justify their non-payment of the insureds' medical claims. Importantly, however, the outcome in *Snider* did not turn on that defense. Rather, we held that the plaintiffs could not prevail on their breach of contract claim seeking medical payments coverage where the plaintiffs had already received full compensation from the tortfeasor for their injuries. *Snider* at ¶34.

**{¶20}** Appellants also argue that Nationwide's subrogation rights were extinguished due to its alleged bad faith in denying Appellants' claims. Therefore, they allege, their settlement with the tortfeasor should not affect their medical payments claims against Nationwide. It appears this argument is also meritless as it was raised by the insureds and rejected by us in *Snider*:

> In an effort to avoid a Pyrrhic victory, Appellees contend that Nationwide waived its rights under the subrogation and trust provisions of the insurance contract by effectively denying Appellee's medical payments claim. Essentially, Appellees argue that they should be permitted a "double recovery" as a result of Nationwide's bad faith. However, as earlier stated, Appellees' bad faith claim was not an issue at trial and is not currently before us. Consequently, while the bulk of Appellees' arguments go towards their efforts at asserting evidence of bad faith, by law, this cannot save their breach of contract claim. The breach of contract claim must fail because Appellees' own actions have extinguished their "damage" portion of this claim, an essential element.

*Snider* at ¶32.

**{¶21}** Thus, Nationwide is correct that the issue of whether or not it retained any subrogation rights is not material to the breach of contract claim on review in this appeal. Obviously, subrogation would be an important issue if Nationwide was trying to recover from the tortfeasor medical expenses that it had paid to the insureds, only to find that the insureds had independently settled with the tortfeasor. Nationwide's

subrogation rights, by contractual language, are triggered on its payment of a claim. Nationwide, however, did not pay any medical claims, here. In this breach of contract action, the issue before us is whether the insurer breached the insurance contract because it did not pay the medical claims. Only if a breach occurred would it be relevant to inquire of Nationwide as to whether any defense exists that would explain, defeat, mitigate or offset this breach. One possible defense might then be that the insureds had acted to extinguish Nationwide's subrogation rights. But the issue of subrogation rights is not relevant unless and until it can be legally determined that breach occurred. Again, in order for Appellants to prove breach, they must prove not only that Nationwide was obligated to pay, they must also prove that they have sustained damages. They allege they were damaged by the non-payment of medical expenses. However, they admit that these damages were, in fact, already paid by the tortfeasor. Hence, their "damages" do not exist. Since Appellants cannot establish this necessary element of their claim of breach of contract, we cannot and do not even reach the issue of subrogation rights, as it never becomes relevant.

**{¶22}** Appellants cite a number of additional cases in an apparent attempt to demonstrate that our holding in *Snider* was either erroneous or inconsistent with established precedent. They assert that an insurance carrier's denial of benefits somehow waives or terminates its right to subrogation or reimbursement as a matter of law. Aside from the obvious problem with this assertion, the cited cases either do not stand for that proposition or are readily distinguishable from the present case.

**{¶23}** In *Dietrich v. Peters*, 28 Ohio App. 427, 162 N.E. 753 (8th Dist.1928), a man's car was stolen from a garage. The complaint alleged breach of an oral bailment agreement, not breach of an insurance contract. The bailor's insurance company was mentioned in the case because it had paid the claim, and the bailee argued that the insurance company's payment should have defeated the bailment claim. The court held that the payment was "a matter entirely between the insurance company which paid the loss and [the plaintiff]. The insurance company, if it chooses, may claim subrogation to the benefit of the judgment which the [plaintiff] obtained in this case, but the payment of the claim by the insurance company does not inure to the benefit of the [defendant bailee]." *Id.* at 433-434. The instant appeal does not present the question of whether an insurance recovery inures to the benefit of a bailee, or a tortfeasor, or some other third party. It involves a question as to whether the insureds can establish the element of damages following settlement with the tortfeasor, which is a completely different issue.

**{¶24}** *Yates v. Allstate Ins. Co.*, 5th Dist. No. 04 CA 39, 2005-Ohio-1479, centered on the issue of whether seven months was an unreasonable delay in notifying the insurance company of an uninsured/underinsured motorist claim. It is wholly inapplicable to Appellants' claim in the case at bar.

**{¶25}** *Sanderson v. Ohio Edison Corp.*, 69 Ohio St.3d 582, 635 N.E.2d 19 (1994), concerned the insurance company's duty to defend and the extent of the insured's rights when the insurance company fails to defend a claim against the insured. In *Sanderson*, the insurer was given notice that a suit was filed against its

insureds but took the position that coverage was not available under the policies. The insurer refused either to defend the suit or participate in any settlement negotiations. The insured litigated the action on his own. He eventually entered into a settlement in which it was agreed that the insured was damaged in the amount of $79,000 and that he would seek payment from his own insurance company for the damages rather than from the other party to the suit. *Id.* at 584. Thus, in *Sanderson*, the settlement agreement established that there were outstanding unpaid damages, in contrast to the settlement agreement in the instant appeal which reflects that all of the damages were paid.

**{¶26}** *Aufdenkamp v. Allstate*, 9th Dist. No. 98CA007269, 2000 WL 59849 (Jan. 19, 2000), again involved an underinsured motorist case. Here, the settlement agreement did not resolve all claims, but merely determined that the tortfeasor was liable and that one insurance company owed its full policy limit of $100,000. The real issue in the case is whether underinsured motorist coverage is excess insurance to the tortfeasor's insurance coverage used to pay the claim. Again, none of these questions are involved in the instant appeal. Again, a settlement agreement that on its face resolves all existing and future claims is different from an agreement that solely establishes liability.

**{¶27}** Appellants' reliance on *Bakos v. Insura Prop. & Cas. Ins. Co.*, 125 Ohio App.3d 548, 709 N.E.2d 175 (8th Dist.1997), is likewise inapposite, as it regards yet another dispute over uninsured motorist coverage rather than a claim for medical payments. Further, there was no settlement of claims in the case. The court

awarded the insured $350,000 in damages, which the plaintiff tried to collect from his father's insurance company. These are completely different factual and legal issues than those on review in the instant appeal.

**{¶28}** Finally, in their reply brief, Appellants assert for the first time that, at minimum, they are entitled to statutory interest pursuant to R.C. 1343.03(A) on the amount of medical payment benefits they allege were wrongfully withheld from them by Nationwide. A litigant's failure to raise an argument in the trial court waives the right to raise the issue on appeal. *Shover v. Cordis Corp.*, 61 Ohio St.3d 213, 220, 574 N.E.2d 457 (1991), overruled on other grounds in *Collins v. Sotka*, 81 Ohio St.3d 506, 692 N.E.2d 581 (1998); *Maust v. Meyers Prods., Inc.*, 64 Ohio App.3d 310, 581 N.E.2d 589 (1989) (failure to raise an issue in the trial court waives a litigant's right to raise that issue on appeal).

**{¶29}** Moreover, the case Appellants cite in support, *Hammond v. Grange Mut. Cas. Co.*, 10th Dist. No. 93APE11-1620, 1994 WL 521193 (Sept. 20, 1994), does not stand for the proposition that an insured is entitled to statutory interest where there are no actual contract damages due to a full settlement with the tortfeasor.

**{¶30}** In sum, we agree with the trial court that our holding in *Snider* is directly applicable to this case. Because Appellants completely settled their claims with the tortfeasor, including payment of their medical bills, they cannot prove the element of damages in their breach of contract claim against Nationwide. Therefore, the trial court properly granted summary judgment in favor of Nationwide on Appellants'

breach of contract claims. Both of Appellants' assignments of error are meritless, and the judgment of the trial court regarding the breach of contract claim is affirmed. We note that Appellants' bad faith denial of coverage claim remains pending with the trial court.

Donofrio, J., concurs.

Vukovich, J., concurs.