*554
 
 Zimmerman, J.
 

 No error was committed by the Court of Appeals in its holding on the procedural question. The trial court made no complete and final disposition of the matter in plaintiff’s favor until its finding of October 29, 1942, which was filed for journalization on that date and the motion for a new trial filed within three days afterwards was within time. See
 
 In re Estate of Lowry,
 
 140 Ohio St., 223, 42 N. E. (2d), 987;
 
 State, ex rel. Curran,
 
 v.
 
 Brookes, Jr.,
 
 142 Ohio St., 107, 50 N. E. (2d), 995.
 

 The generally accepted rule appears to be that in the trial of a cause to the court without the intervention of a jury, the filing of a motion for a new trial should await a decision or finding in which all the material issues are finally disposed of. 39 American Jurisprudence, 184, Section 181;
 
 Southern Colonization Co.
 
 v.
 
 Cole,
 
 185 Wis., 469, 201 N. W., 817.
 

 As to the merits, plaintiff, to avoid the four-year limitation for the bringing of an action as prescribed by Section 11224, General Code, presented her case on the theory that, by the escape of the water into her land from the defective underground sewer, there was a temporary appropriation of the property to a public use, and she was entitled to prevail on that basis within the principles stated in
 
 City of Norwood
 
 v.
 
 Sheen, Exr.,
 
 126 Ohio St., 482, 186 N. E., 102, 87 A. L. R., 1375.
 

 In the
 
 Sheen case
 
 the rule was announced that where a municipality deposits sewage from a sewer upon private property, such property is thereby subjected to a public use, and a taking occurs within the meaning of Section 19, Article I of the Constitution of Ohio, for which damages may be claimed. See 18 American Jurisprudence, 759, Section 134.
 

 It will be observed that in connection with cases involving the appropriation of private property to a public use, Ohio has adopted the liberal view that “any substantial interference with the elemental rights
 
 *555
 
 growing out of ownership of private property is considered a taking.”
 
 Smith
 
 v.
 
 Erie Rd. Co.,
 
 134 Ohio St., 135, 142, 16 N. E. (2d), 310, 313, and the cases therein cited.
 

 Assuming, for the purposes of discussion, that the appropriation theory is supportable under the allegar tions of the petition, is plaintiff entitled to succeed?
 

 It is elementary that the right to maintain an action-must be in the person instituting it. Here, plaintiff’s claim for damages is based on the depreciation in value of the property, caused by the water escaping from the broken sewer. She purchased the property in 1937 as it then was. The city had repaired the sewer in 1934 and had stopped the leakage. According to the allegations of the petition, “thereafter the ground on plaintiff’s premises and to the west thereof gradually dried out and by the middle of the year 1935 the house, garage and surface of plaintiff’s lot ceased to sink.”
 

 Any taking or appropriation by the city was temporary and had ended before plaintiff bought the property. Such right of action as there might have been under the appropriation theory would have belonged to the one who owned the property when the appropriation and injury happened.
 

 The general rule is that the right to damages for the taking of land or- for injury to land is in the one who owns the land when the taking or injury occurs, and does not ordinarily pass to a subsequent grantee. 29 Corpus Juris Secundum, 1115, Section 202; 30 Corpus Juris Secundum, 101, Section '389. See 18 American Jurisprudence, 864, Section 231. Any right on the part of the subsequent grantee to damages is dependent on a new taking or injury after his acquisition of title'. 30 Corpus Juris Secundum, 102, Section 390.
 

 Plaintiff can derive no benefit from the purported
 
 *556
 
 assignment from Theresa McLaughlin in 1941 of the claim for damages. In the first place, Section 11241, General Code, requires that “an action must be prosecuted in the name of the real party in interest. ’ ’ Plaintiff did not answer that description when she brought her action in 1939. In the second place, if the assignment may be accorded effect on any basis, it is not properly in evidence over the defendant’s objection. As a condition precedent to its admission, proof was required as to its execution and authenticity, which was not furnished. 17 Ohio Jurisprudence, 601, Section 495;
 
 Walsh
 
 v.
 
 Barton,
 
 24 Ohio St., 28, 41; 20 American Jurisprudence, 776, Section 922; 32 Corpus Juris Secundum, 476, Section 625.
 

 Finally, the Court of Appeals found a lack of evidence, as a perusal of the bill of exceptions herein discloses, that water escaping from the broken sewer actually permeated the lot now owned by plaintiff. True, evidence is present tending to show that such water did find its way into the ground underlying nearby properties, but a finding that plaintiff’s land was similarly invaded would rest on conjecture.
 

 Defendant offered persuasive testimony to the effect that any uneven settling of the buildings in proximity to the sewer, causing them to warp and crack, was due to the loosely filled ground on which they were built. Some of the defendant’s witnesses also testified that excessive moisture in the ground adjacent to the sewer was attributable to drainage conditions disassociated from the sewer.
 

 Upon the record, our conclusion is that plaintiff failed to establish an enforceable claim against the city, and the judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 
 *557
 
 WEYGANDT, C. J., MaTTUIAS, HaRT, BeUL, WlLEIAMS and Turner, JJ., concur.