WEAVER, APPELLANT, *v.* J. C. PENNEY COMPANY, INC., APPELLEE.

[Cite as Weaver v. J. C. Penney Co. (1977), 53 Ohio App. 2d 165.]

(No. 35681—Decided August 18, 1977.)

*Mr. Robert P. Weaver*, for appellant.

*Mr. William J. Brown*, attorney general, amicus curiae.

*York, Bonezzi & Thomas Co., L. P. A.*, for appellee.

PARRINO, J. On or about July 2, 1975, the J. C. Penney Co., Inc., the appellee in this case, sponsored an advertisement which appeared in a Cleveland newspaper. The advertisement stated that a number of small appliances, including a waffle baker, were for sale at a price of $9.99. The sale was designated as a "closeout," and the words "limited quantities" appeared at the bottom of the advertisement. However, the specific number of sale items available did not appear in the advertisement.

Plaintiff-appellant, Robert Weaver, went to one of appellee's stores on the evening of July 2, 1975, intending to purchase one of the advertised waffle bakers. Upon arrival, he was informed that the advertised units had all been sold and that no more were available. Appellant then requested a "raincheck" on the item. However, he was not given a raincheck because the sale was a closeout, and the waffle baker was not going to be carried in stock by appellee in the future.

On July 10, 1975, appellant filed an affidavit in the Lyndhurst Municipal Court. He alleged that appellee had violated a substantive rule of the Department of Commerce in refusing to sell him a waffle baker or issue a raincheck at the advertised price. He prayed for damages in the amount of $100, plus court costs. Following a hearing, the Municipal Court found for the appellee and rendered a judgment accordingly.

Appellant has brought this appeal from that judgment. The sole assignment of error is:

"The court below erred in finding that the plain language of the 'bait advertising' rule promulgated by the Ohio Department of Commerce pursuant to the Consumer Sales Practices Act did not apply, as a matter of law, to the facts of this case.

This assignment of error is well taken.

In 1972, the Ohio legislature enacted the Consumer Sales Practices Act, R. C. Chapter 1345 *et seq.* The act was patterned after the Uniform Consumer Sales Practices Act which was adopted by the National Conference of Commissioners on Uniform State Laws in 1970.

R. C. 1345.02(A) provides in part: "No supplier shall commit a deceptive act or practice in connection with a consumer transaction." In order to implement the prohibition against deceptive sales practices in R. C. 1345.02, the director of commerce is empowered under the act to adopt substantive rules defining with reasonable specificity acts or practices which violate that section. R. C. 1345.-05(B)(2).

Furthermore, consumers who have been victimized by a deceptive sales practice are also provided with a specific remedy under the Act. R. C. 1345.09 provides in pertinent part:

"For a violation of sections 1345.01 to 1345.13 of the Revised Code, a consumer has a cause of action and is entitled to relief as follows: * * *

"(B) Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based * * * the consumer may rescind the transaction or recover, but not in a class action, actual damages or one hundred dollars, whichever is greater, or recover actual damages or other appropriate relief in a class action under Civil Rule 23, as amended."

In this case, appellant alleges that appellee, by refusing to order the advertised waffle baker at the advertised price or to give him a raincheck for the item, violated substantive rule COcp 3-01.03(A)(2)(d) of the Department of Commerce.* Thus, he contends that under the above quoted statutory provision he is entitled to recover $100 in damages. We agree.

---

*Substantive rule COcp 3-01.03(A)(2)(d) has been renumbered 1301:3-3-03(A)(2)(d). Ohio Administrative Code (Baldwin 1977).

The rule in question was promulgated by the director of commerce pursuant to the authority of R. C. 1345.05, and represents an attempt by the director to define a deceptive act, as prohibited by R. C. 1345.02. As relevant to this case, rule COcp 3-01.03(A)(2)(d) provides:

"A. It shall be a deceptive act or practice in connection with a consumer transaction for a supplier to offer to sell goods or services when the offer is not a bona fide effort to sell the advertised goods or services. * * *

"2. An offer is not bona fide if a supplier discourages the purchase of the advertised goods or services in order to sell other goods or services. Examples of acts or practices which make an offer to sell goods or services not bona fide are: * * *

"d. The failure to give rainchecks to consumers after the original quantity of goods is exhausted or the refusal to take orders for the advertised goods or services at the advertised price to be delivered within a reasonable period of time, *unless the supplier has clearly and adequately disclosed the specific quantity of advertised goods or services available; * * *.*" (Emphasis added.)

It is our conclusion that appellee's failure to state the *specific* quantity of waffle bakers available, and its subsequent refusal to issue a raincheck or place an order for the item at the advertised price constituted a deceptive sales practice under the rule. Accordingly, appellant is entitled to the statutory damages of R. C. 1345.09(B).

First, it would appear that despite the fact that no sale ever took place, a "consumer transaction" within the statutory scheme occurred. Under R. C. 1345.01(A), a "'[c]onsumer transaction' means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, franchise, or an intangible * * * to an individual for purposes that are primarily personal, family, or household, or *solicitation to supply any of these things.*" (Emphasis added.)

From this language, it is apparent that under the Consumer Sales Practices Act it is not necessary that a sale actually take place before a supplier may be held liable to a consumer for deceptive acts. A solicitation to sell

goods or services intended primarily for personal, family, or household use, may be sufficient to give rise to liability even in the absence of an actual sale if a deceptive act is committed in connection with that solicitation.

In this case, it is clear that appellee solicited the sale of the advertised waffle bakers. Obviously, those items are intended for personal, family, or household use. Accordingly, we conclude that the solicitation constituted a "consumer transaction" within the meaning of the Act.

The next step in our inquiry is to determine whether appellee committed a deceptive act in connection with the transaction within the prohibition of R. C. 1345.02. From our review of the record, we conclude that appellee did commit a deceptive act in connection with the transaction based upon Rule COcp-3-01.03.

From the record before us, it would appear that the rule was validly promulgated by the director of commerce pursuant to the authority of R. C. 1345.05. Such a rule has the force and effect of law unless it is unreasonable or in conflict with statutory provisions in regard to the same matter. *State, ex rel. DeBoe,* v. *Indus. Comm.* (1954), 161 Ohio St. 67; *State, ex rel. Kildow,* v. *Indus. Comm.* (1934), 128 Ohio St. 573, 580.

In this case, appellee did not challenge the validity or reasonableness of the rule in the trial court. Therefore, the question of the rule's validity is not before us. Consequently, our sole task is to determine whether, as appellant alleges, the rule was violated.

The rule states that it is a deceptive act for a supplier to offer to sell goods or services when the offer is not a bona fide effort to sell the advertised goods or services. The rule then lists several specific example of acts or practices which make an offer to sell goods or services not bona fide. One of the examples is the failure to give a raincheck or to place an order for the advertised goods or services at the advertised price after the original quantity of goods is exhausted, unless the supplier has clearly disclosed the *specific* quantity of advertised goods or services available.

The conduct of appellee in this case fits squarely with-

in the example just stated. The record shows that appellee advertised a closeout sale of the waffle bakers at a discount price. Although the advertisement did state that quantities were limited, it did not indicate the *specific* quantity of the items available. After the original supply of items was exhausted, appellee refused to place an order or issue a raincheck for the advertised waffle baker at the advertised price. This is precisely the conduct described in the rule as being a deceptive act. The inescapable conclusion is that appellant did violate Rule COcp-3-01.03(A)(2)(d).

For such a violation, appellant is entitled to the statutory damages set forth in R. C. 1345.09(B).

Thus, we hold that under the rules of the Department of Commerce, where a supplier advertises goods or services, but does not clearly disclose the specific quantity of goods or services available, the failure of that supplier to give rainchecks to a consumer, after the original quantity of goods is exhausted, or the refusal to take orders for the advertised goods or services at the advertised price, constitutes a deceptive act within the prohibition of the Consumer Sales Practices Act. In such a case, the consumer is entitled to recover his actual damages, or $100, whichever is greater. R. C. 1345.09(B).

The decision of the Lyndhurst Municipal Court denying appellant his right to a recovery is hereby reversed, and a final judgment is entered for appellant in the amount of $100. App. R. 12(B).

*Judgment reversed.*

KRENZLER and PRYATEL, JJ., concur