GARNER, Appellant, et al.,

Standard Plan, Inc., Intervening Plaintiff,

v.

BORCHERDING BUICK, INC. et al., Appellees.

[Cite as *Garner v. Borcherding Buick, Inc.* (1992), 84 Ohio App.3d 61.]

Court of Appeals of Ohio,
Hamilton County.

No. C–910446.

Decided Dec. 2, 1992.

*Arthur P. Anninos,* for appellant Christine Garner.

*Murphy & Morgan, William H. Crockett* and *Kevin L. Murphy,* for appellee Borcherding Buick, Inc.

*Freund, Freeze & Arnold* and *Patrick J. Janis,* for appellee Herbert Wayne Wiseman, d.b.a. Autorama Sales.

*Faulkner & Tepe* and *John C. Scott,* for appellee Wrecks, Inc., d.b.a. W.I. Auto Sales.

---

*Per Curiam.*

In her complaint, plaintiff-appellant Christine Garner alleged that she purchased a 1985 Buick Skylark from defendant-appellee Borcherding Buick, Inc., in December 1986. Seven months later, Garner's daughter Patsy was involved in a single-car accident while driving the 1985 Buick. The cause of this accident remains unknown.

Garner further states that the car was originally owned by a person who was involved in an accident and that the car was declared a total loss. The car was then acquired by State Farm Insurance and sold on a salvage title to defendant-appellee W.I. Auto Sales. W.I. Auto Sales then sold the vehicle with no alterations to defendant-appellee Autorama Sales. Autorama Sales restored the vehicle and sold it to Borcherding Buick.

Garner also alleged in her complaint that Borcherding Buick, Autorama Sales and W.I. Auto Sales committed "intentional acts in placing in the flow of commerce an inherently dangerous product." She predicated the defendants' liability for the damages she sustained on two theories, *viz.,* strict liability and

violations of the Ohio Consumer Sales Practices Act as contained in R.C. 1345.01 *et seq.*

All of the parties filed motions for summary judgment. The trial court denied Garner's motion, granted the motions filed by Autorama Sales and W.I. Auto Sales, and granted Borcherding Buick's motion only on the claims involving strict liability; Borcherding's motion on the claims involving violations of the Ohio Consumer Sales Practices Act was denied.[1] Garner then filed this appeal.

On appeal, Garner raises two assignments of error challenging the trial court's denial of her motion for summary judgment and the trial court's granting of the motions for summary judgment filed by Autorama Sales and W.I. Auto Sales.[2] For the reasons that follow, we reverse the judgment of the trial court and remand this cause for further proceedings.

Garner's two assignments of error state as follows:

"1. The trial court erred in issuing summary judgment in favor of Autorama and Wrecks, Inc. [d/b/a W.I. Auto Sales] and further erred in denying summary judgment to the plaintiff because it did not review the depositions that had been submitted with the trial court that are still sealed.

"2. The dismissal of the plaintiff's cause of action based on the Ohio Consumer Sales Act, R.C. 1345.01 *et seq.*, pursuant to defendants' motion for summary judgment and the contemporaneous overruling of the plaintiff's motion for summary judgment was erroneous because the legislative intent as expressed in the statutory scheme, does not require the existence of contractual privity between the consumer and the seller as a prerequisite for the operation of the statute."

The Ohio Consumer Sales Practices Act, as contained in R.C. Chapter 1345, sets forth the standards of conduct for suppliers of consumer goods. R.C. 1345.02(A) provides as follows:

"No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

---

1. The trial court also granted W.I. Auto Sales' motion for summary judgment with respect to the cross-claims filed against it by Borcherding Buick and Autorama Sales, and denied Autorama Sales' motion for summary judgment with respect to the cross-claim filed against it by Borcherding Buick. These rulings are not involved in this appeal by Garner.

2. Garner "abandoned" her claims against Borcherding Buick on the theory of strict liability. She, therefore, does not challenge the partial granting of Borcherding Buick's motion for summary judgment.

A "supplier," as defined by the Ohio Consumer Sales Practices Act, includes "a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not he deals directly with the consumer." R.C. 1345.01(C).

The trial court held that Autorama Sales and W.I. Auto Sales were not "suppliers" in the transactions involving the car in this case because no privity of contract existed between them and Garner. The trial court relied on *Simpson v. Smith* (1987), 34 Ohio Misc.2d 7, 517 N.E.2d 276, wherein the Licking County Municipal Court stated that some privity of contract, regardless of how minimal, must exist before a person may be considered a supplier within the meaning of the Ohio Consumer Sales Practices Act.

■ A review of the Ohio Consumer Sales Practices Act reveals that nothing in the statute provides that privity of contract is a prerequisite to the recovery of damages. Rather, the definition of a "supplier" under the Ohio Consumer Sales Practices Act includes those who engage in the business of effecting consumer transactions, whether or not they deal directly with the consumer. R.C. 1345.-01(C). Furthermore, a supplier's representations may violate the Ohio Consumer Sales Practices Act whether they occur "before, during, or after the transaction." R.C. 1345.02(A).

■ We believe that the Ohio Consumer Sales Practices Act was designed to protect consumers damaged by a supplier's deceptive practices which occur in connection with consumer transactions. See *Weaver v. J.C. Penney Co.* (1977), 53 Ohio App.2d 165, 6 O.O.3d 270, 372 N.E.2d 633. We hold that a defendant must be engaged in the business of effecting or soliciting consumer transactions, R.C. 1345.01(C), and that the defendant must have some connection to the consumer transaction in question in order to be liable as a supplier for deceptive practices which violate the Ohio Consumer Sales Practices Act. See *Haynes v. George Ballas Buick–GMC Truck* (Dec. 21, 1990), Lucas App. No. L–89–168, unreported, 1990 WL 210413. However, we do not interpret the statutes as requiring privity of contract between the consumer and the defendant.

■ Accordingly, we determine that the trial court improperly granted summary judgment to Autorama Sales and W.I. Auto Sales on the theory that there was no privity of contract between them and Garner. However, Garner must still show that these defendants had some connection with her transaction as a consumer with Borcherding Buick. Whether Garner has established such a connection between the defendants and her consumer transaction must first be ascertained from the evidence submitted by the parties in support of their motions for summary judgment.

However, an examination of the record reveals that the envelopes containing the depositions filed by the parties remain sealed. Since it appears from the record that the trial court, "in passing upon the merits of a motion brought pursuant to Civ.R. 56 has failed to read a deposition filed in harmony with the provisions of that rule, the court has committed plain error." *Bardes v. West Shell, Inc.* (July 25, 1979), Hamilton App. No. C–780340, unreported; see *Citron v. Byerly* (Apr. 3, 1991), Hamilton App. Nos. C–900151 and C–900240, unreported, 1991 WL 45575.

Garner's two assignments of error are well taken. We, therefore, reverse the judgment of the trial court, and remand this cause for further proceedings in accordance with this decision and the law.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., KLUSMEIER and UTZ, JJ., concur.