Eva Carter appeals the Lawrence County Municipal Court's grant of summary judgment to James Taylor. She asserts that the trial court erred because Taylor is a supplier as defined in R.C. 1345.01(C). We agree that the trial court erred in granting summary judgment, because there is a genuine issue of material fact as to whether Taylor is a supplier. Carter also asserts that the trial court erred in requiring privity of contract between Carter and Taylor. While we agree that privity of contract is not required under the CSPA, we overrule Carter's assignment of error because nothing in the trial court's entry indicates it based its decision upon a lack of privity of contract. Accordingly, we reverse the judgment of the trial court.
 I.
Carter entered into a contract with J.F.T. Construction Co., Inc. ("JFT") for repairs to her home, including a new furnace. Taylor is an employee of JFT but has no ownership interest in JFT. Although the contract provided that it was a contract between Carter and JFT, Taylor signed the contract and the warranty page with his name without any indication that he was signing as an agent of JFT. Carter became dissatisfied with her furnace, called Taylor and gave him an opportunity to fix it. She ultimately filed a complaint against Taylor "dba JFT Inc." alleging (1) that Taylor did not perform the contract in a workmanlike manner and (2) that Taylor violated the Consumer Sales Practices Act ("CSPA") by committing unfair and unconscionable acts or practices. Carter later amended the complaint to include JFT as a defendant and limited her action against Taylor to violations of the CSPA. She alleged that JFT and Taylor consistently maintained a pattern of inefficiency, incompetency, or continuous stalling and evading of their legal duties to consumers, failing to perform home improvement services in a competent manner or to correct the substandard work or defect. She sought actual damages under count one and treble damages under count two.
Taylor filed a motion for summary judgment alleging that JFT, not Taylor, incurred the obligations under the contract. The trial court granted Taylor's motion for summary judgment and certified pursuant to Civ.R. 54(B) that there was no just cause for delay.
Carter appeals the summary judgment, asserting the following assignments of error for our review:
 1. THE TRIAL COURT ERRED IN GRANTING DEFENDANT JAMES TAYLOR'S MOTION FOR SUMMARY JUDGMENT WHEN DEFENDANT WAS CLEARLY A SUPPLIER AS DEFINED AT R.C. § 1345.01(C).
 2. THE TRIAL COURT ERRED IN RULING IN EFFECT THAT PRIVITY OF CONTRACT IS A PREREQUISITE FOR LIABILITY UNDER THE CONSUMER SALES PRACTICES ACT.
 II.
Carter asserts that the trial court erred in granting the summary judgment for two reasons: (1) Taylor is a proper defendant because, under the CSPA, he is a supplier; and (2) the trial court erroneously required privity of contract between Carter and Taylor.
 A.
Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bostic v. Connor (1988), 37 Ohio St.3d 144,146; Morehead v. Conley (1991), 75 Ohio App.3d 409,411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United Methodist Church (1994),68 Ohio St.3d 531, 535.
The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment.Dresher v. Burt (1996), 75 Ohio St.3d 280, citing Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115. However, once the movant supports the motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E);Dresher, 75 Ohio St.3d at 294-95; Wing v. Anchor Media, Ltd. ofTexas (1991), 59 Ohio St.3d 108, 111.
In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences which can be drawn from it to determine if the opposing party can possibly prevail. Morehead,75 Ohio App. 3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank-One, Portsmouth, N.A. (1992),84 Ohio App.3d 806, 809.
 B.
In her first assignment of error, Carter asserts that the trial court erred in granting summary judgment to Taylor because Taylor is a supplier and therefore he may be subject to liability under the CSPA. Neither party disputes that a home-improvement contract falls within the realm of consumer transactions. See Reichart v. Ingersoll (1985), 18 Ohio St.3d 220. However, Carter does not assert that the contract itself violated the CSPA. Rather she argues that Taylor violated the CSPA through his actions after she informed JFT that the furnace wasn't working properly. Taylor argues that the trial court was correct and that his actions following the furnace installation are immaterial because he is not a supplier within the meaning of the CSPA.
Pursuant to R.C. 1345.09, a consumer may rescind a transaction or recover damages where a supplier engaged in a violation of the Consumer Sales Practices Act ("CSPA"), R.C. 1345, et. seq. R.C. 1345.01(C) defines "supplier" as a "seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not he deals directly with the consumer." Employees may be liable as suppliers for actions they take in the course of their employment. See Sovel v. Richardson (Nov. 11, 1995), Summit App. No. 17150, unreported (an employee who sells appliances and handles consumer complaints may effect consumer transactions); Armstrongv. Kittinger (Sept. 21, 1994), Summit App. Nos. 16124 16378, unreported (reasonable minds could find that used car dealership owner's wife was supplier even though she was an employee because, among other things, she drafted the sales agreement, generally handled all billing, and owned dealership's building) A supplier need not be a party to the consumer transaction.Armstrong.
Carter seeks to hold Taylor personally responsible under the CSPA for actions he took as an employee of JFT. When a cause of action is based upon an employee's actions, the employee is primarily liable to the injured party and the employer is secondarily liable to the injured party. Shaver v. ShirksMotor Express Corp. (1955) 163 Ohio St. 484; Losito v. Kruse
(1940), 136 Ohio St. 183. See, also R.C. 2307.32 (the Contribution Among Joint Tortfeasors Act). Therefore if Taylor is a supplier, he may be liable for actions taken while an employee of JFT.
There is a genuine issue of material fact as to whether Taylor engaged in the business of effecting consumer transactions. The contract between Carter and JFT indicates that Taylor was the primary contact person for requests under the warranty. Taylor's deposition statement that he handled consumer complaints, viewed in the light most favorable to Carter, could mean that Taylor generally handled consumer complaints for JFT. Because a genuine issue of material fact as to whether Taylor is a supplier remains, the trial court erred in granting summary judgment to Taylor. Accordingly, we sustain Carter's first assignment of error.
 D.
In her second assignment of error, Carter argues that the trial court erred in granting the summary judgment because it required privity of contract between Carter and Taylor. While we agree with Carter's assertion that there is no requirement of privity of contract under the CSPA, see Garner v. BorcherdingBuick (1992), 84 Ohio App.3d 61, we do not find that the trial court required privity of contract. Accordingly, we overrule Carter's second assignment of error.
 III.
In conclusion, we sustain Carter's first assignment of error and overrule her second assignment of error. Accordingly, we reverse the judgment of the trial court.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Evans, J.: Concur in Judgment and Opinion.
For the Court
Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.